## CHAPPEL v. FIRST TRUST CO. OF APPLETON, WIS., et al.
### No. 161.

District Court, E. D. Wisconsin.
Jan. 8, 1940.

Frank E. McAllister, of Chicago, Ill., for plaintiff.

Fisher, Cashin & Reinholdt, of Stevens Point, Wis., for First Trust Co. of Appleton.

Miller, Mack & Fairchild, of Milwaukee, Wis., for Wisconsin Public Service Corporation and J. P. Pulliam.

DUFFY, District Judge.

The Tomahawk Pulp and Paper Company issued bonds in the sum of $500,000, secured by a trust deed dated February 1, 1922. Certain real estate, dam sites, and other physical assets were covered by the trust deed. Prior to any default, the bond issue was reduced to $200,000.

After a default, a foreclosure action was started in the Circuit Court of Lincoln County, Wisconsin. This was followed by an involuntary petition in bankruptcy, and the Tomahawk Pulp and Paper Company was adjudicated bankrupt on May 20, 1930, in the District Court of the Western District of Wisconsin. The trustee in bankruptcy filed its final report, and on September 16, 1936, was discharged.

The complaint alleges that all the defendants entered into a conspiracy, as a result of which certain valuable properties including dam sites, were transferred to the defendant Wisconsin Public Service Corporation and that the defendant J. P. Pulliam was the President of said corporation and its prime mover and guiding spirit; that as a result of the action of the conspirators, a large portion of the property securing the bond issue was transferred to the Wisconsin Public Service Corporation at an inadequate price. The plaintiff is the owner of $3,200 face value of the bonds issued by the Tomahawk Pulp and Paper Company.

The defendants Wisconsin Public Service Corporation and J. P. Pulliam moved to dismiss the complaint upon the ground that it fails to state a claim against them, and also that the court has no jurisdiction of the subject matter.

Counsel for these moving defendants admit that a good cause of action in equity is stated as to the defendants who had occupied a fiduciary relationship with the plaintiff. However, it is strongly urged that this action must be dismissed as to them, because at no time has there been any such relationship between these defendants and the plaintiff.

The motion to dismiss should not be granted if the complaint states any valid claims against these defendants, whether it be in law or equity.

The Federal Rules of Civil Procedure provide there shall be one form of action to be known as "civil action." Rule 2, 28 U.S.C.A. following section 723c. No technical forms of pleading are required. Rule 8(e). A party may state as many separate claims as he has, regardless of their consistency, or whether they are based on legal or equitable grounds, *or on both.* Rule 8(e) (2).

The pleader endeavored to state a cause of action in equity. The action is brought as a class action. Plaintiff claims she has no speedy or adequate remedy at law. The prayer for relief demands an accounting; the imposition of a constructive trust, and discovery. The plaintiff also includes in the allegations of the complaint a claim in tort: that the properties transferred as a result of the conspiracy were worth $2,000,000 to the plaintiff's damage in that sum. She asks for judgment against the defendants in such sums as are found due the bondholders.

Considering this as an action in equity, for the purpose of this motion, we must consider that there was a conspiracy of defendants who had held a fiduciary relationship with the plaintiff; that the object of the conspiracy was to transfer for a nominal and inadequate consideration property that had been security for the bond issue; that this property was to go and did go to the defendant Wisconsin Public Service Corporation which, with its President, Pulliam, joined in the conspiracy and received the benefits therefrom.

These defendants claim no action can be stated against them because of an absence of a trust relationship between them and the plaintiff. I do not consider this contention to be sound.

In the case of Lonsdale v. Speyer, 249 App.Div. 133, 291 N.Y.Supp. 495, 504, the court said: "One who cooperates with a fiduciary in his breach of duty becomes liable in every way as the fiduciary with whom he cooperates."

In the case of Jackson v. Smith, 254 U. S. 586, 589, 41 S.Ct. 200, 201, 65 L.Ed. 418, it is stated: "And others who knowingly join a fiduciary in such an enterprise likewise become jointly and severally liable with him for such profits." Citing among other cases, Zinc Carbonate Co. v. First National Bank, 103 Wis. 125, 134, 79 N.W. 229, 74 Am.St.Rep. 845.

In Irving Trust Co. v. Deutsch, 2 Cir., 73 F.2d 121, 125, certiorari denied, Biddle v. Irving Trust Co., 294 U.S. 708, 55 S.Ct. 405, 79 L.Ed. 1243, the court said: " * * * one who knowingly joins a fiduciary in an enterprise where the personal interest of the latter is or may be antagonistic to his trust becomes jointly and severally liable with him for the profits of the enterprise."

The motion of the defendants Wisconsin Public Service Corporation and J. P. Pulliam, to dismiss, must be denied.