### GILBERT v. GENERAL MOTORS CORPORATION.

No. 220.

District Court, W. D. New York.
Feb. 5, 1940.

Frank Keiper, of Rochester, N. Y., for plaintiff.

Falk, Phillips, Twelvetrees & Falk, of Buffalo, N. Y. (Drury W. Cooper and Allan C. Bakewell, both of New York City, of counsel), for defendant.

KNIGHT, District Judge.

The defendant moves under the provisions of Rule 12(f) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for an order striking from the amended complaint certain designated portions. The complaint taken as a whole is subject to serious criticism by reason of the violation of the provisions of Rule 8. This requires "a short and plain statement of the claim" (a) and that "each averment * * * shall be simple, concise, and direct" (e). Many of the paragraphs are prolix and many contain lengthy statements of evidence and of conclusions. The court ought not to be required to give its time to the consideration of the sufficiency of many of the paragraphs of a complaint which are so obviously objectionable.

The action of the court on the motion and the reasons therefor follow.

1. Paragraph No. 2. Motion granted to strike out the following words: "and has its executive offices at 1775 Broadway, City of New York, State of New York"

and "A. C. Spark Plug Division, Flint, Michigan" and "Many others." Otherwise denied. These allegations are immaterial.

2. Paragraph No. 4. Denied. It is thought that this is a statement of facts, and not of conclusions.

3. Paragraph 4½. Strike out all of the paragraph commencing with the words "who wrote the specifications," line 6, page 3, on the ground that it includes unnecessary evidentiary matter.

4. Paragraph No. 5. Motion as requested granted.

5. Paragraph No. 7. Denied. It is thought that this claim may be properly shown as a part of the proof, although this is not entirely clear. The statement as regards the application being "the first application filed", the motion is denied.

6. Paragraph No. 8. Denied.

7. Paragraph No. 9. Strike out the words "and during that term" (line 3) and continuing until "will issue to the defendant" (line 7). The objection to this paragraph is based upon the ground that the provisions are immaterial. It is thought that they may be material, but the entire paragraph is unnecessarily prolix and states a very considerable evidentiary matter.

8. Paragraph 10. Strike out the last clause of the paragraph on the ground that it is wholly evidentiary. The motion is otherwise denied.

9. Paragraph No. 13. Denied. It is thought that the paragraph in question is proper. Other parts of the complaint show the acts alleged to constitute fraud. In substance the plaintiff alleges fraud and then goes on to allege the facts showing it.

10. Paragraph No. 14. Motion granted. It seems that these allegations are immaterial.

Paragraph No. 15. Motion denied. It is thought that the allegations are material. This paragraph should have been condensed.

11. Paragraph No. 16. Denied. The reasons appear upon the ruling hereinbefore upon a similar allegation.

12. Paragraph No. 17. Denied. It is not thought that the order of the proof is of substantial materiality.

13. Paragraph No. 18. Granted. This allegation is immaterial in view of the other allegations of the complaint.

14. Paragraph No. 21. Denied.

15. Paragraph No. 22. Granted insofar as it requests striking of the words "said broad invention," otherwise denied.

16. Paragraph 22½e. Motion granted. Much of this paragraph is immaterial. It is unnecessarily prolix. It should be re-drafted to meet the rule.

17. Paragraph 23. Strike the clause "and defendant's attorney knowing the plaintiff had made the invention a long time before" on the ground that it states a conclusion. As to the balance the motion is denied. This paragraph, like 22½e, is also unnecessarily prolix. Upon amendment of the pleading, this should be re-drafted.

18. Paragraph 23a, 24, 25. Motion granted as to 23a and 24 on the ground that they contain many immaterial allegations. The court should not be called upon to cull out the material from the immaterial. If so advised correction may be made by the amended pleading drawn to conform to the rule. 25. Denied. It is to be said that this paragraph is very crudely drawn.

19. Paragraph No. 26. Granted on the ground that it contains much evidentiary matter.

20. Paragraph No. 27. Granted. The allegation is unnecessary. It is repetitious.

21. Paragraph No. 28. Line 1 commencing with the words "at no time" and ending with the word "and", line 3, strike out all. The balance of the motion denied.

22. Paragraph No. 29. Denied. This paragraph like others is verbose.

23. Paragraph No. 30, No. 31 and No. 32. Denied.

24. Paragraph No. 33. Line 2 strike out the word "broad". Otherwise the motion is denied.

25. Paragraph No. 34. Strike out the words "or reasonable royalty of 10 percent" in the last two lines of the paragraph. The balance of the motion is denied.

26. Prayer for relief. Strike out the first three paragraphs as not a proper part of a prayer for relief in a pleading. It is unnecessary. Plaintiff may seek this relief by motion after issue is joined.

27. Strike out the word "broad" in paragraph 7 and in prayer 9 strike out all commencing with the words "or that" in line 5.