**CARY v. HARDY et al.**

**No. 12.**

District Court, E. D. Tennessee, S. D.
July 19, 1940.

W. B. Swaney, of Chattanooga, Tenn., for plaintiff.

J. W. Thompson, of Chattanooga, Tenn., for defendants Ellis C. Soper and Mrs. Cary Soper.

Thomas, Folts & Brown, of Chattanooga, Tenn., for defendant Mrs. Richard Hardy.

DARR, District Judge.

On Objections to Interrogatories.

Under authority of Rule 33, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the plaintiff filed interrogatories to be propounded to the defendants, Mrs. Richard Hardy and Ellis C. Soper.

The service of the interrogatories on both defendants was had on November 10, 1939. Mrs. Hardy did not answer the interrogatories and made objections to certain ones, which objections were filed on March 6, 1940. Mr. Soper answered a portion of the interrogatories and filed the answers thereto, and filed objections to the others on April 5, 1940.

The objections came too late. The rule under which the interrogatories were filed provides that objections to the form or substance of any interrogatories may be presented to the court within ten days after the service of same.

It would seem that the rule makers had in mind that the interrogatories would be looked over, without answering any, and objections immediately made to those that were objectionable to the party, although there would be no question if a portion of the interrogatories were answered, some objected to and answers withheld, if done within the ten days.

There does not appear to have been any application made for the extension of time as might have been done under the Federal Rules of Civil Procedure. The defendants might have taken steps for an appropriate protective order under Rule 31(d), or for enlargement of the time under the plenary powers authorized under Rule 6(b).

The objections to the interrogatories came too late and the defendants will be required to answer all the interrogatories propounded.

This disposition of the controversies concerning the interrogatories disposes of a motion made by the plaintiff in the Soper case.

Let an order be prepared in accord with this opinion.

### On Motion to Simplify Issues.

The defendants filed a motion which they designate as a motion to simplify issues, asking the court to require the plaintiff to elect whether his suit is based upon contract or fraud.

The complaint was filed October 21, 1938. The answers of the defendants were filed December 16, 1938. The motion to simplify the issues was filed February 28, 1940.

It is my judgment that this motion is in effect a motion for a bill of particulars or a more definite statement. This being true, the motion comes too late as it was not filed before a responsive pleading. Rules of Civil Procedure for District Courts, Rule 12(e), 28 U.S.C.A. following Section 723c.

But if the question could be considered now, there would be no objection to joining a claim for the damages by reason of breach of contract and a claim for damages based upon fraud even though the claims be inconsistent. Rules of Civil Procedure for District Courts, Rule 8(e), 28 U.S.C.A. following section 723c; Kraus v. General Motors Corporation, D.C., S.D.N.Y., 27 F.Supp. 537; Chappel v. First Trust Co., D.C., E.D.Wis., 30 F.Supp. 763; Munzer v. Swedish American Line, D.C., S.D.N.Y., 30 F.Supp. 789; State of Missouri v. Fidelity & Casualty Co., 8 Cir., November 1939, 107 F.2d 343; Cowen v. Braun, D.C., S.D.Iowa, October 1938, 1 F.R.D. 43; United States v. Schine Chain Theatres, D.C., W.D.N.Y., January 1940, 1 F.R.D. 205; Zoller v. Smith, Levin & Harris, D.C., M.D.Pa., February 1940, 1 F.R.D. 182; Gilbert v. General Motors Corporation, D.C., W.D.N.Y., February 1940, 1 F.R.D. 101; Barnsdall Refining Corporation v. Birnamwood Oil Co., D.C., E.D.Wis., March 1940, 32 F.Supp. 308.

The motion to simplify the issues will be denied.

Order accordingly.

### On Motion to Require Plaintiff to Give Security for Costs.

The plaintiff is a nonresident and the defendants have made a motion that he be required to secure the costs of the cause.

There is no provision in the Rules of Civil Procedure for District Courts regulating the question of costs in this respect. There is no provision in the local rules requiring security for costs.

It is generally understood that the Rules of Civil Procedure for District Courts has repealed the Conformity Act, 28 U.S.C.A. § 724.

Rule 83 of the Federal Rules of Civil Procedure provides that district courts may make any rules governing practice not inconsistent with the Federal Rules of Civil Procedure.

This being true, the question of requiring security for costs is one for local rules. There not being any local rule, there is no guide by which to determine this question. One court has held that a party may be ordered to file security for costs even in the absence of any rule on the subject. Leake v. New York Central Railway Company, D.C., N.D.N.Y., 26 F.Supp. 416.

But I think it is doubtful if it would be a good practice to follow this case because it would tend to lead to different procedures in different jurisdictions, the very thing the Federal Rules of Civil Procedure sought to avoid.

Anyway, in this case it was said that there had been no suggestion indicated that there had been delay, laches, or expense incurred by the plaintiff since the beginning of the action which would justify a denial of the application for security of costs.

While a motion to require security for costs may be made at any time, it is in the discretion of the court.

Where there has been unnecessary delay and the plaintiff has incurred expense, I think the court should not require security for costs. If an order were made under these conditions, it might cause the plaintiff to perhaps dismiss his suit where he might have been able to maintain it if the motion had been made in time, or at least, saved himself expense.

This suit was filed October 21, 1938, and the motion to require security for costs was not filed until February 28, 1940. Considerable expense has been in-

curred by the plaintiff in the meantime. I think the delay in filing the motion was unnecessary and to grant it would work to the prejudice of the plaintiff.

Additional deposit may be required for certain purposes under Local Rule 61.

The motion is denied.

Order accordingly.