## SIEGEL et al. v. YATES.

United States District Court
S. D. New York.

. Feb. 5, 1951.

Isidor J. Kresel, New York City (Harold I. Meyerson, Irving L. Weinberger, New York City, of counsel), for plaintiff.

Rosenman, Goldmark, Colin & Kaye, New York City (Max Freund, New York City, of counsel), for defendant.

WEINFELD, District Judge.

The defendant seeks to compel plaintiff to make further answer to interrogatories heretofore propounded by him to the plaintiff.

Plaintiff, a resident of California, sues as Ancillary Administratrix of the estate of her deceased husband on two causes of action.

The first cause of action alleges that on July 23rd, 1943, the defendant, for a valuable consideration, agreed in writing, a copy of which is annexed to the complaint, that when a third party who was indebted

to him repaid the sum of $1,000,000, he would pay 20% thereof to the decedent; that the $1,000,000 was repaid to the defendant, who paid to the decedent only $20,000, leaving an unpaid balance of $180,-000; and that plaintiff and decedent duly performed all the terms and conditions of the agreement on their part to be performed.

The second cause of action realleges substantially most of the allegations contained in the first, and adds that between July 29th, 1943 and the date of the complaint, defendant received $200,000 belonging to the decedent, which except for the sum of $20,000, he has failed to pay.

The answer denies the material allegations of the complaint, admits that a letter substantially in the form annexed to the complaint was given by defendant to decedent but denies there was any consideration for the promise, and sets forth affirmative defenses not material to the present motion.

■■ The defendant contends that the responses which the plaintiff has made to his interrogatories are insufficient because they are confined to only what she knows—which is concededly little since she had no direct contact with the transaction which is the basis of the suit brought by her in a representative capacity. The deposition-discovery procedure of the new Federal Rules was intended to vitalize "issue-formulation and fact-revelation" and to clear the way "for the parties to obtain the fullest possible knowledge of the issues and facts before trial." Hickman v. Taylor, 329 U.S. 495, 501, 67 S.Ct. 385, 388, 91 L. Ed. 451. As an aid for ascertaining the facts in a litigation, the procedure was intended to be available to all parties to a litigation. To allow one suing in a representative capacity to block disclosure because of a lack of personal knowledge would thwart the liberalized procedure contemplated under the new Rules and result unfairly in a one-sided disclosure. Particularly under these circumstances, should the procedure be accorded a broad and liberal treatment.

One group of interrogatories under items 4–9 inclusive and 11, 12, 14–19 inclusive

centered, in the main, about writings by defendant, decedent or others with regard to essential elements of the complaint: Consideration, failure to perform, due performance by plaintiff and defendant, defendant's promise to pay and demand for payment. The plaintiff's answers to these interrogatories were that she was without knowledge of any such writings, except for the writing of July 29th, 1943, a copy of which is annexed to the complaint.

■ The information sought by defendant under these items is within the scope of proper inquiry. The plaintiff's lack of knowledge is not questioned, but it is suggested that her attorney has writings bearing on the subjects of this inquiry. If there are any writings in existence (other than the one referred to in the answers already given) which are in the custody or control of the plaintiff's attorney relating to the matters enumerated in these interrogatories, they should be set forth in a further answer. This does not involve the "work product of the lawyer". Hickman v. Taylor, supra. Any such writings (by decedent, defendant or others) would not reflect the attorney's special training or his professional creative effort, but constitute basic data not exposed to the dangers consequent upon requiring disclosure of an attorney's mental processes or his version of any data. If there are any such writings not in the attorney's possession but of which he has knowledge, plaintiff should set forth the names and addresses of any person having possession. This information is readily available to the plaintiff and the fact that she does not have possession of the writings, if any, is no ground for failure to answer fully. "A party clearly cannot refuse to answer interrogatories on the ground that the information sought is solely within the knowledge of his attorney." Hickman v. Taylor, supra, 328 U.S. at page 504, 67 S.Ct. at page 390. If there are no such writings in the possession of the plaintiff's attorney or the existence of which he has knowledge, this should be set forth in the answer.

■ A second group of interrogatories put to the plaintiff covered the same items, viz., consideration, failure to perform, per-

formance by plaintiff and defendant, promise to pay and demand, but in this instance the interrogatories were directed in the main to oral statements by defendant to persons other than plaintiff and not in her presence; by decedent; and personal knowledge of the plaintiff.

Here the plaintiff's answers are broader and furnish some information with respect to each item, but the defendant contends that these, too are incomplete.

It is claimed that the answers to interrogatories 20(b), 21(b), 22(c), (d) and (e), 23(a), (b), 25(c), (d) and (e), 26(a), (b), 28(c), (d), (e), 29(a), (b), 31(c), 32, 34(c), (d) and (e) are all defective. The defendant points to the answers to interrogatories 20, 21 and 22 as a typical example of the deficiencies of the entire group in general. These relate to the question of .consideration supporting the agreement. Including the sub-divisions, a total of fifteen questions were asked on this subject seeking (1) the names of persons (other than plaintiff) to whom defendant mentioned the subject; (2) whether the consideration was ever mentioned in oral statements by decedent; (3) plaintiff's personal knowledge; (4) the information upon which the allegation of consideration was based; (5) whether any person other than plaintiff and defendant has any knowledge on the subject, and further details as to time, place and the like.

Plaintiff replied that the subject of consideration was mentioned in oral statements by defendant to the decedent in the presence of three persons whose names she gives as well as the address of one, her brother-in-law; that the addresses of the others are unknown to her and that there may be others, unknown to her, who have knowledge and information on the subject of consideration; and that the subject was mentioned to her by her husband, the decedent, and the substance thereof. Plaintiff's response generally was that other than the statements already noted she had no personal knowledge except that decedent remained in the employ of a company, the alleged subject matter of the consideration, and that she lacked any knowledge of what other information was or is available to

her attorney upon which the allegation of consideration contained in paragraph 4 of the complaint was based.

The defendant complains of the plaintiff's failure to furnish information in the possession or within the knowledge of her attorney or brother-in-law. But here, unlike the first group of interrogatories directed to writings, the interrogatories relate to oral statements, and, in good part call for someone's version of what somebody else said. This is fraught with the dangers of "inaccuracy and untrustworthiness" suggested by the Supreme Court in Hickman v. Taylor, and might well spread more confusion than light under the cloak of a liberalized procedure intended to clarify issues and ascertain facts. If these interrogatories are in search of facts, the names and addresses of any such persons will enable the defendant to take their written or oral depositions as witnesses and obtain at first hand whatever they may be able to contribute.

This aspect of the motion is denied except that the plaintiff shall be required to furnish the names and addresses, known to her attorney, of any persons who have knowledge of the subjects encompassed within the interrogatories. In her further answer, if there is no such information in the possession of her attorney, she shall so state.

Except as otherwise disposed of, the request for further answers to interrogatories 20(b), 21(b), 22(c), (d) and (e), 23(a) and (b), 25(c), (d) and (e), 26(a) and (b), 28(c), (d) and (e), 29(a) and (b), 31(c), 32, 34(c), (d) and (e), is denied.

Under item 37(c), plaintiff was asked to state whether decedent prior to his death reported as ordinary income in any Federal Income Tax Return the $20,000 received from the defendant. She replied that she had no knowledge that would enable her to answer this interrogatory. As representative of the estate, the plaintiff should have possession or control of the records and sources from which this information can be obtained. The plaintiff is directed to give further reply thereto. The relevancy of the evidence if offered upon the trial

need not now be considered. That is a matter for the trial Court.

The Court has also considered the answers to the other interrogatories enumerated in the notice of motion and these appear sufficient.

Settle order on notice.