Jean C. CLEMINSHAW, individually and as the widow of James M. Cleminshaw, and as Trustee ad litem for all persons entitled to share in the Estate of James M. Cleminshaw, deceased, Plaintiff,

v.

BEECH AIRCRAFT CORPORATION, a corporation of the State of Delaware, Defendant.

Civ. A. No. 1667.

United States District Court
D. Delaware.

Dec. 19, 1957.

Arthur G. Logan and Vincent A. Theisen (of Logan, Marvel, Boggs & Theisen), Wilmington, Del., and Rolland G. Lamensdorf, Washington, D. C., of counsel, for plaintiff.

Edmund N. Carpenter, II and Louis J. Finger (of Richards, Layton & Finger), Wilmington, Del., for defendant.

CALEB M. WRIGHT, Chief Judge.

This matter is before the court on defendant's motion under Fed.Rules Civ. Proc. rule 37(a), 28 U.S.C., to compel further answers to certain of defendant's interrogatories served on plaintiff January 12, 1955 and December 8, 1955, pursuant to F.R.C.P. rule 33. An order, issued on December 2, 1957, disposed of several of the matters under consideration. The court's attention, therefore, is directed solely to the disputed interrogatories, hereafter referred to by numbers. Specifically, they are movant's

numbers 97, 99, 105, 106, 107, 110, 113, 114, 124 and 126.[1]

▮ Questions 97, 99, 105, 106, 107, 110, 113, 114, and 124 were all answered, "no personal knowledge."[2] One suing in a representative capacity may not confine replies to personal knowledge.[3] Since plaintiff maintains a representative action defendant's motion to compel further answers is warranted. Plaintiff now seeks for the first time, to interpose objections to defendant's interrogatories, long after the statutory time has elapsed.[4]

**1.** The subject interrogatories and answers are set forth below:
(Q.) "97. As to said sale, state:
"a. Date of said sale.
"b. Persons present at the time said sale was made.
"c. Whether or not any written documents evidencing said sale exist. If so:
"i. Date of said documents.
"ii. Nature of said documents.
"iii. Present location of said documents."
(A.) "97. No personal knowledge."
(Q.) "99. What instructions and/or information did Leonard Cleminshaw and/or his pilot need at the time of the sale?"
(A.) "99. No personal knowledge."
(Q.) "105. State what the operating limitations for the plane were."
(A.) "105. No personal knowledge."
(Q.) "106. If the plane at the time of take-off on December 4, 1953 had a current airplane flight manual, identify the manual."
(A.) "106. No personal knowledge."
(Q.) "107. Had the plane ever had in it its operating limitations or a current flight manual?"
(A.) "107. No personal knowledge."
(Q.) "110. Was the plane a 'clean' plane, i. e., a plane with a low co-efficient of drag?"
(A.) "110. No personal knowledge."
(Q.) "113. Enumerate what bulletins, brochures, rules, regulations, check lists and other printed matter were in the plane when sold to Leonard Cleminshaw."
(A.) "113. No personal knowledge."
(Q.) "114. Was the maintenance and repair of the plane by this defendant done by a mechanic certificated in conformity with CAR 18 or a person work-

▮ The court is in accord with the line of authority holding that unless a timely objection is asserted, a litigant is precluded from thereafter testing the propriety of the information sought.[5] As observed in Bohlin v. Brass Rail:[6]

"Nevertheless, if the provisions of Rule 33 relating to the service of objections are to be given any effect or meaning, the failure to serve such objections within the time prescribed by the rule should be considered as a waiver of such objection. * * *"

ing under the direct supervision of such a mechanic?"
(A.) "114. No personal knowledge."
(Q.) "124. Specify:
"a. The stresses;
"b. The strains;
"c. The pressures;
"d. The manipulation, to which the plane was subjected when the wing came off."
(A.) "124. a. No personal knowledge.
"b. No personal knowledge.
"c. No personal knowledge.
"d. No personal knowledge."
(Q.) "126. Does the plaintiff rely on res ipsa loquitur?"
(A.) "126. The answer calls for a legal conclusion which the plaintiff is not qualified to answer."

**2.** Footnote 1, supra.

**3.** Siegel v. Yates, D.C.1951, 11 F.R.D. 129, 130, wherein the court stated:
"To allow one suing in a representative capacity to block disclosure because of a lack of personal knowledge would thwart the liberalized procedure contemplated under the new Rules and result unfairly in a one-sided disclosure. Particularly under these circumstances, should the procedure be accorded a broad and liberal treatment."

**4.** F.R.C.P. 33 provides inter alia:
"Within 10 days after service of interrogatories a party may serve written objections thereto together with a notice of hearing the objections at the earliest practicable time. * * *"

**5.** 4 Moore's Federal Practice ¶33.27, p. 2335; Cary v. Hardy, D.C.E.D.Tenn.S.D. 1940, 1 F.R.D. 355; Bohlin v. Brass Rail, Inc., D.C.1957, 20 F.R.D. 224, 225.

**6.** See footnote 5, supra.

Any harsh results that the declared rule may engender can be relieved in appropriate cases upon a demonstration that the failure to invoke the applicable clauses of F.R.C.P. rule 33 was the product of excusable neglect.[7] The court has been apprised of no circumstances which would indicate that plaintiff's nonobservance of the objection provision of F.R.C.P. 33 was within the limitation denoted.[8] Plaintiff is therefore ordered to answer Nos. 97, 99, 105, 106, 107, 110, 113, 114 and 124.

In general, the rule enunciated should be observed. There are some matters, however, which are palpably outside the scope of preliminary inquiry and need not be disclosed during the discovery stages notwithstanding the failure of counsel to assert a timely objection.[9] Bohlin v. Brass Rail, supra, recognizes two such areas, namely, privilege and Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, proscriptions.[10] The court deems movant's No. 126 within this realm.[11]

Defendant cites 4 Moore's Federal Practice, ¶ 33.18 at pages 2311 and 2312 in support of its motion seeking to procure the desired information. There is no doubt that Professor Moore unequivocally feels that contentions of parties are within the purview of discovery. Whether a party's assertion of the legal doctrine of res ipsa loquitur is encompassed in the term "contention" as employed by the noted author is doubtful. Clearly, the only way plaintiff can adequately ascertain the answer to this interrogatory is to consult with her attorney. Although, as the court has noted, present plaintiff may not confine her answers to personal knowledge; this should not be interpreted as sanctioning a device to avoid the rule of Hickman v. Taylor.[12] At the least, what defendant pursues must be deemed the work product of counsel; for it is, indeed, difficult to conceive of a client not learned in the law suggesting to counsel the legal doctrine of res ipsa loquitur. Accordingly, plaintiff need not reply to defendant's No. 126.

An order in conformity herewith may be submitted.

---

**7.** See 4 Moore's Federal Practice ¶33.24 p. 2327, and footnote 4; also 4 Moore ¶33.27 p. 2335 and footnote 4.

**8.** This limitation may be invoked by an appropriate motion either for a protective order under F.R.C.P. 30(b) or for an enlargement of the time pursuant to the plenary powers authorized under F.R.C.P. 6(b). See Cary v. Hardy, D.C., 1 F.R.D. 355.

**9.** Nevertheless counsel should not presume on the liberality of the court.

**10.** Bohlin v. Brass Rail, D.C.1957, 20 F.R.D. 224, 225–226, wherein the court stated:

"I am not prepared, however, to hold that the failure to file objections to interrogatories constitutes a waiver of either the privilege which plaintiff may have as to reports of his own physician or as to statements of witnesses which have been obtained by his counsel in the course of preparation for trial to which defendant would not be entitled under the rule of Hickman v. Taylor.

"Plaintiff therefore will not be directed to comply with that portion of interrogatory 9 which requires her to supply the defendant with copies of reports and records of her own physicians, nor with the portion of interrogatory 17 which requires directly or by implication disclosure of statements of witnesses which were obtained by plaintiff's attorney in the course of preparation for trial and are his work product."

**11.** See footnote 1, supra.

**12.** 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451.