**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**R. A. HOLMAN & CO., Inc., Richard A. Holman, Irving Bienenstock a/k/a Irving Burns, Ben F. Harburger and Henry N. Budoff, Defendants.**

United States District Court
S. D. New York.

Dec. 17, 1963.

Philip A. Loomis, Jr., Gen. Counsel, John A. Dudley, Sp. Counsel, Michael Joseph, Atty., Securities and Exchange Commission, Washington, D. C., Llewellyn P. Young, Regional Administrator, William Lerner, Asst. Chief Enforcement Atty., Martin V. Miller, Asst. Chief Enforcement Atty., Robert M. Laprade, Atty., Securities and Exchange Commission, New York City, for plaintiff.

Regan, Goldfarb, Powell & Quinn, New York City, for defendants R. A. Holman & Co., Inc., Richard A. Holman, Irving Bienenstock; Sidney P. Howell, Jr., Harry W. Jacobs, New York City, of counsel.

Irving Bick, New York City, for defendant Ben F. Harburger.

Spar, Schlem & Burroughs, New York City, for defendant Henry N. Budoff.

**140**

WEINFELD, District Judge.

 After full and careful consideration of the affidavits, briefs and argument of counsel, the Court has concluded that "good cause," as required by Rule 34, has not been shown for the production and inspection of handwritten and other notes made by the investigators following personal and telephone interviews of the investors.

The documents sought generally consist of the investigators' handwritten fragmentary notations or an outline of their notes used to prepare the investors' affidavits which were submitted in support of the plaintiff's motion for a preliminary injunction. They are neither statements of the investors, nor were they ever adopted or approved by them. What is sought here is, as this Court put it in another context, "someone's version of what somebody else said. This is fraught with the dangers of 'inaccuracy and untrustworthiness' suggested by the Supreme Court in Hickman v. Taylor [329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451], and might well spread more confusion than light under the cloak of a liberalized procedure intended to clarify issues and ascertain facts." Siegel v. Yates, 11 F.R.D. 129, 131 (S.D.N.Y. 1951).

The affidavits of the investors are in the possession of the defendants and are available for impeachment purposes should their trial testimony vary from that contained in the affidavits. However, a third party's statement (an investigator's) is not admissible for impeachment of the investor. The defendants have the names of all potential investor witnesses and pretrial procedure is available to question them with respect to what they told the investigators. The defendants are free to subpoena whatever records they deem advisable for refreshment or impeachment purposes subject, of course, to rulings by the Trial Court.

 The claim that the investigators, prior to their appearance for the taking of their depositions, referred to their notes does not justify their production. United States v. Goldman, 316 U.S. 129, 132, 62 S.Ct. 993, 86 L.Ed. 1322 (1942).

The motion for discovery under Rule 34 is denied.

The motion for a protective order limiting the scope of the inquiry is granted.