STATE, BY ROBERT W. MATTSON, ATTORNEY GENERAL, v.
GERTRUDE W. BOENING AND OTHERS.

149 N. W. (2d) 87.

March 3, 1967—No. 40,560.

*Robert W. Mattson*, Attorney General, *Perry Voldness*, Deputy Attorney General, and *Warren E. Peterson*, Special Assistant Attorney General, for relator.

*Peter J. Ruffenach*, for respondents.

NELSON, JUSTICE.

This is a land condemnation proceeding wherein the petitioner-relator, the State of Minnesota, refused to answer certain interrogatories. Defendants, respondents herein, obtained an order to compel relator to answer. Relator has applied to this court for a writ of prohibition to restrain the district court from compelling it to answer certain of the in-

terrogatories which it claims come under the designations of "work products" and "conclusions of an expert."

On September 20, 1966, a writ was issued, returnable before this court on October 11, 1966.

Relator failed to serve objections to interrogatories and notice of hearing on the objections pursuant to Rules of Civil Procedure, Rule 33, which provides:

"* * * The answers shall be signed by the person making them; and the party upon whom the interrogatories have been served shall serve a copy of the answers on the party submitting the interrogatories within 15 days after the service of the interrogatories, unless the court, on motion and notice and for good cause shown, enlarges or shortens the time. *Within 10 days after service of interrogatories a party may serve written objections thereto, together with a notice of hearing the objections at the earliest practicable time. Answers to interrogatories to which objection is made shall be deferred until the objections are determined.*" (Italics supplied.)

However, two days after receiving the interrogatories, it filed answers thereto and specified its objections to the interrogatories it refused to answer. Six days after the initial service on relator, respondents moved under Rule 37.01 for the order to compel relator to answer the questions it had objected to.

The issues involved are (1) whether relator by following this procedure but not complying with the 10-day requirement of Rule 33 waived its right to object to the propounded interrogatories; and (2) whether Rule 26.02, Rules of Civil Procedure, prohibits the discovery of both written and oral conclusions of an expert.

1. This court has not heretofore had occasion to pass upon the 10-day rule for objections found in Rule 33. The Federal rule is nearly identical with our Rule 33, and therefore we may properly turn to the Federal rule for guidance. In 2A Barron & Holtzoff, Federal Practice and Procedure (Rules ed.) § 775, it is stated:

"* * * Objections to interrogatories made more than 10 days after they are served are too late, in the absence of an application for an

extension of time, and objections not asserted within that time period are waived."

However, the case of Bohlin v. Brass Rail, Inc. (S. D. N. Y.) 20 F. R. D. 224, holds that waiver does not apply to privileged information. Baxter v. Vick (E. D. Pa.) 25 F. R. D. 229, apparently approves of the Bohlin case.

A search of our state decisions fails to disclose a case like the factual situation herein presented. Relator submits that the question of waiver is not really an issue since respondents, pursuant to Rule 37.01, brought a motion to compel answers within the 10 days, in effect assuming relator's burden, and thereby placed the issue before the court. It argues that, viewing the situation as a whole, it would appear that no one has been prejudiced by the procedural irregularity and that it would seem unwise to rest our decision upon that ground, particularly when respondents did not urge this below. See, Hickman v. Taylor, 329 U. S. 495, 505, 67 S. Ct. 385, 391, 91 L. ed. 451, 459.

It would appear that in practice it is common for lawyers in responding to interrogatories to answer by objecting to the propriety of the question rather than supplying the requested information. Thereupon, the proponent seeks a Rule 37 order compelling answers.

In Cardox Corp. v. Olin Mathieson Chemical Corp. (S. D. Ill.) 23 F. R. D. 27, 31, plaintiff filed answers to various interrogatories such as:

"Interrogatory 9c is objected to as calling for privileged matter, and further matter irrelevant to the subject matter involved in the pending action."

The court ordered plaintiff to answer the interrogatory, saying that the information was not privileged and then added that failure to observe the procedure for written objections set forth in Rule 33 was a waiver of the objection (23 F. R. D. 31):

"* * * I think the decision of the court should be that objections are waived by attempting to move them in the manner here attempted.

"Rule 33 establishes a method of making objections, including provisions for notice and hearing thereon, and an orderly procedure for the disposition of the same. Above all, the Rule contemplates that all ob-

jections will first be submitted to the court for its consideration and decision. Here the court is faced with a unilateral determination by plaintiff that it need not answer this Interrogatory for the reason that plaintiff has determined that the Interrogatory is subject to objection. The court should not now have to backtrack the proceeding past the answers and determine, after the fact, if that unilateral determination was correct. The best interests of parties litigant and of the court are served if all parties are held to strict account in their compliance with established and orderly procedures."

Rule 33 of the Minnesota Rules of Civil Procedure should be construed in the same manner as the like-numbered Federal rule because *both intend to impose upon the objecting party the burden of establishing the defects in the questions by compelling him to object and move for hearing on the objections.* See Professor James L. Hetland, Jr.'s comments, 2 Youngquist & Blacik, Minnesota Rules Practice, 1965 Pocket Part, pp. 37, 38, wherein he states that a line of Federal decisions represented by Baxter v. Vick (E. D. Pa.) 25 F. R. D. 229, and Cozier v. American Airlines, Inc. (S. D. N. Y.) 25 F. R. D. 268, have corrected this procedural abuse by holding that a failure to object by motion under Rule 33 is a waiver of all defects and objections to the interrogatories, except privilege and work product, even though objections have been asserted by way of answer to interrogatories. We agree with Professor Hetland that the above decisions are sound and should be adopted by the courts of Minnesota.

It is our conclusion that Rule 33 should be strictly enforced by following the foregoing Federal decisions. This is to say that failure to object to interrogatories in the manner prescribed in Rule 33 is a waiver of all defects and objections except those relating to privilege, work product, and experts' conclusions.

■ Respondents have withdrawn interrogatories asking, for each appraisal made in relator's behalf, the appraised value of the whole property, the untaken portion, and the taken portion, and asking the portion of the value of the property taken attributed to land, improvements, severance damages, and other items of compensation; an interrogatory

asking the amount of any indirect or incidental damage relator acknowledges resulted from the taking; and one asking the value of any benefit the relator contends resulted to the remainder of respondents' property from the taking. Whether relator should be required to answer the other interrogatories it refused to answer remains in issue. The pertinent portion of Rule 26.02 is as follows:

"* * * The production or inspection of any writing obtained or prepared by the adverse party, his attorney, surety, indemnitor, or agent in anticipation of litigation or in preparation for trial, or of any writing that reflects an attorney's mental impressions, conclusions, opinions, or legal theories, or, except as provided in Rule 35, the conclusions of an expert, shall not be required."

This court in Sanchez v. Waldrup, 271 Minn. 419, 136 N. W. (2d) 61, held:

"Where it is intended to use an expert witness to rebut or counteract testimony of eyewitnesses to an accident in a field of knowledge as to which a lay person may express an opinion, the name of such expert should be disclosed in answer to an interrogatory requesting the names of witnesses to the accident or facts pertinent to the lawsuit."

We recognized that Rule 26.02 provides that the conclusion of an expert shall not be required except as provided by Rule 35, but held that Rule 26.02 does not prevent disclosure of the names of experts who may testify on factual matters.

In the Sanchez case this court pointed out that land condemnation cases are usually placed in a special category of their own, citing United States v. 6.82 Acres of Land (D. N. Mex.) 18 F. R. D. 195. The latter case involved condemnation proceedings in which the landowner sought disclosure of the names of the government's real estate experts, their methods of appraisal, and their appraisal figures. The government moved to quash a subpoena duces tecum served on the prospective deponents which the court granted, stating (18 F. R. D. 197):

"* * * [T]he defendant has failed to show good cause to warrant production of expert opinion testimony and documents in advance of

trial so far as the mental processes by which experts evaluate the various factors involved in arriving at their own opinions and appraisal figures. Particularly is this applicable in condemnation actions where the physical factors contributing value to property are open alike to observation and examination * * *."

See Hickey v. United States (E. D. Pa.) 18 F. R. D. 88, and United States v. 7,534.04 Acres of Land (N. D. Ga.) 18 F. R. D. 146, which also involved condemnation proceedings wherein the property owners sought through interrogatories to gain the names of the government appraisers. In the latter case the owners also sought to obtain copies of the methods of appraisal and a breakdown of values. The court stated (18 F. R. D. 146):

"In a case such as this, the burden of proof is upon the property owner to prove the value of the land in question. Value of land is primarily a matter of opinion, which no doubt the Government, as well as the property owners, will prove to a large extent by expert witnesses. The land is open to inspection by all parties, no information concerning the same is sought from the Government that is not readily available to the defendants. The information sought therefore, is necessarily information obtained by the Government in preparation of the trial of the case and in the opinion of this court is not obtainable by interrogatories."

Objections to the interrogatories were sustained by the court.

While the Federal Rules of Civil Procedure do not expressly forbid the discovery of the conclusions of an expert, as does Rule 26.02 of the Minnesota rules, the above cases expressly forbid such discovery. See, 2A Barron & Holtzoff, Federal Practice and Procedure (Rules ed.) § 652.5; Wright, Minnesota Rules, p. 171; 2 Youngquist & Blacik, Minnesota Rules Practice, 1965 Pocket Part, p. 8, wherein the commentator suggests that the provision of Rule 26.02 prohibiting disclosure of the conclusions of an expert does not include the underlying facts which form the basis of the conclusions, citing Leding v. United States Rubber Co. (D. Mont.) 23 F. R. D. 220. See, also, United States v. Certain Parcels of Land (N. D. Cal.) 25 F. R. D. 192, and United States v. Certain Parcels of Land (S. D. Cal.) 15 F. R. D. 224, which approve of

the disclosure of the facts relied upon by the expert in reaching a conclusion.

Relator suggests that in the context of eminent domain proceedings it would seem incredible to prohibit the inspection of actual appraisals, which is merely a memorandum, but, nevertheless, permit the taking of the deposition of the expert, citing State, by Lord, v. Winiecki, 263 Minn. 86, 115 N. W. (2d) 724. Relator also submits that, while Rule 26.02 in outlining the scope of discovery authorizes examination regarding any matter which is relevant to the subject matter, provided that such examination appears reasonably calculated to lead to the discovery of admissible evidence, those interrogatories propounded by respondents which do not call for the conclusions of an expert are not calculated to lead to the discovery of admissible evidence and therefore are not authorized by the Rules of Civil Procedure. Aside from the fact that relator failed to make this objection in the manner required by Rule 33, we are not persuaded that the interrogatories will not lead to the discovery of admissible evidence.

In this case respondents are attempting to discover the reason or reasons for the discrepancies in the award and the state's appraisal value. The Rules of Civil Procedure are established to provide an orderly method to discover relevant information prior to actual trial. *The rules permit and encourage broad discovery*. The only requirement to be met is that the information "appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26.02. Matter inquired into must not be privileged, that is, writings obtained or prepared by the adverse party, his attorney, surety, indemnitor, or agent in anticipation of litigation, *writings* which reflect the impressions of the attorney, *or conclusions of an expert*. Other than these sweeping restrictions, the door is open for an inquiry into developing facts "to secure the just, speedy, and inexpensive determination of every action." Rule 1.

From a careful examination of the interrogatories still in issue we have determined that none of the questions seeks to elicit work products, as no "writing" is sought that was "prepared by the adverse party, his attorney, surety, indemnitor, or agent in anticipation of litigation." Rule 26.02. Nor did they seek the conclusions of relator's experts. Rather,

what they are attempting to discover involves facts, methods, and data concerning the state's appraisals of certain lands. Those questions which sought the ultimate conclusions from the state's land experts with respect to the valuation of the property have now been withdrawn by respondents. These were the only interrogatories that asked for the conclusions of experts or for work products in this case. Since those interrogatories still in issue are authorized by Rule 26.02, the writ must be discharged.

Writ discharged.