THOMAS P. GARRITY v. KEMPER MOTOR SALES
AND ANOTHER.
CHRYSLER MOTORS CORPORATION, RESPONDENT.

159 N. W. (2d) 103.

May 3, 1968—No. 40,456.

*Stanley J. Mosio,* for appellant.

*Faegre & Benson* and *Lawrence C. Brown,* for respondent.

ROGOSHESKE, JUSTICE.

Appeal from a judgment dismissing plaintiff's action against defendant Chrysler Motors Corporation.

Plaintiff's action was dismissed upon a motion pursuant to Rule 37.04, Rules of Civil Procedure, and defendant was awarded $50 in "costs and attorneys' fees" for plaintiff's "willful" failure to answer a set of five interrogatories served upon him. The issues raised are: (1) Was the evidence sufficient to establish the fact that plaintiff had willfully failed to answer the interrogatories? (2) Did the court have the authority to award costs and attorneys' fees under Rule 37.04?

In November 1962, plaintiff, Thomas Garrity, bought a new 1963 Plymouth from defendant Kemper Motor Sales. The automobile was covered by a new-vehicle warranty agreeing to repair or replace defective parts during 12,000 miles or 12 months of operation. Plaintiff had mechanical trouble with the automobile almost from the beginning. By January 1963, the automobile had broken down three times. Twice defendant Kemper had repaired it under the warranty, but the third time it refused, saying that it must be plaintiff's fault that the car had broken down. Therefore, in November 1963, plaintiff brought an action on the

warranty against both Kemper and Chrysler Motors Corporation. On May 20, 1964, plaintiff was deposed by defendant Chrysler. A pretrial conference was held in May 1965, at which time the advisability of amending the complaint to include a claim of negligent repair was discussed. An order granting plaintiff's motion to make such an amendment was issued June 24, 1965, and he served an amended complaint alleging negligence against both defendants. A week later, defendant Chrysler served five interrogatories upon plaintiff:

"1. State in detail and not in summary fashion all facts upon which plaintiff relies to support its allegation contained in paragraph I of plaintiff's alleged second cause of action that Kemper Motor Sales was an agent of Chrysler Motors Corporation.

"2. State in detail and not in summary fashion with respect to all repairs to the automobile in question which plaintiff claims were made negligently and carelessly the following:

"(a) The date or dates on which the allegedly negligent repair or repairs were made.

"(b) By whom said allegedly negligent repairs were made.

"(c) Specifically what allegedly negligent repairs were made.

"3. State in detail and not in summary fashion all facts upon which plaintiff relies to support his allegation contained in paragraph III of the second cause of action that repairs were made negligently and carelessly.

"4. List all repairs, by whom made, and the dates of the repairs to the automobile in question, which were made by anyone not a party to this lawsuit.

"5. State where the automobile in question is presently located and whether it may be inspected by Chrysler Motors Corporation without the necessity of a Rule 34 motion."

In October 1965, defendant Chrysler sent a reminder to plaintiff's attorney that the five interrogatories had not been answered. Plaintiff's attorney did not respond. On February 4, 1966, the parties received a trial notice advising that the case had been set for the trial week of February 21,

1966.[1] On February 7, 1966, defendant Chrysler wrote plaintiff's attorney calling attention to the trial notice and again requested answers to the interrogatories, warning that a dismissal would be sought if they were not forthcoming. The next day, plaintiff's attorney replied by letter that he felt defendant had already obtained the answers to these questions from the deposition and that if any additional information was desired the defendant need only point out what it wanted to know and it would be supplied expeditiously. Upon receiving this letter, defendant Chrysler replied with a demand for full answers to all five interrogatories. In addition, at the request of plaintiff's counsel, another copy of these interrogatories was sent.

On February 15, 1966, plaintiff gave notice for the taking of a deposition of defendant Chrysler. Said defendant refused to attend, and plaintiff moved for an order compelling defendant to be deposed. Defendant countermoved for a dismissal with prejudice under Rule 37.04 and for $50 attorneys' fees. Plaintiff's motion was denied, but defendant's motion was granted. On March 7, 1966, the district court entered its order dismissing plaintiff's action on the merits as to defendant Chrysler upon the ground that "plaintiff's failure to answer [Chrysler's] set of five interrogatories * * * has been wilful." Since no affidavit gives support to the claim of willfulness, the dismissal was ordered solely upon the inferences to be drawn from the long delay and plaintiff's failure to answer.

The record does not adequately disclose the reasons why plaintiff's attorney did not have him answer the interrogatories. The only indication can be found in his letter of February 8, 1966, wherein he stated that he felt all of the questions had been answered by the deposition. However, the reasons why the interrogatories had not been answered were brought out in the oral arguments. First, plaintiff's attorney considered it unnecessary for them to be answered because he felt that defendant already had the information which any answers to the ques-

---

[1] We were advised on oral argument that as a matter of practice this did not mean that the case would be called for trial that week but sometime within the next 2 months from the date specified.

tions were designed to disclose. Second, plaintiff did not possess the information necessary to answer the questions. In fact, plaintiff's attorney claimed that the purpose for attempting to depose defendant in February 1966 was to obtain the information which the interrogatories called for but which plaintiff did not possess. Neither of these reasons for refusing to answer is adequate. Thus, the failure or refusal to answer was at least without substantial justification and therefore a violation of the rules.

It is the design of the rules that the party upon whom written interrogatories are served must accept the burden of responding by answers or objections as required by Rule 33, Rules of Civil Procedure, and State, by Mattson, v. Boening, 276 Minn. 151, 149 N. W. (2d) 87. He cannot, by failing to answer, shift the burden upon his opponent to seek a court order compelling answers without violating the rules.[2] If the rules are nonetheless violated, as in this case, the court can remove from the proponent the financial burden of having to seek enforcement of the rules and place this burden upon the party who violated the rules by assessing costs and attorney's fees against him or his attorney. Rule 37.01.

When interrogatories are served, a party must respond by either answering the question to the extent his knowledge permits or declaring his lack of knowledge, or by making objections. To do neither and simply fail to answer is not permissible. In the present case, because no objections to the interrogatories were made within the time specified by the rules, all objections except those related to privilege, work product, and experts' conclusions were waived. State, by Mattson, v. Boening, *supra.* Thus, the duty of plaintiff and his attorney to answer the interrogatories was not discharged. If, as claimed, the facts necessary to answer the questions were unknown, a simple statement to that effect would have discharged their duty to respond, for in discovery proceedings it is often as important to learn what the party being interrogated does not know as what he knows.

In the present case, having failed without substantial justification to

---

[2] However, contrary to Boening, the amendment to Rule 33(3) places upon the interrogating party the obligation of bringing objections on for hearing.

answer the interrogatories, plaintiff and his attorney would have been subject to the sanctions authorized by Rule 37.01 had a motion to compel answers been brought. The defendant, however, chose instead to move to dismiss under Rule 37.04. The design of this rule is not directed at securing pretrial information needed for a claim or defense. Its specific design is to authorize the most severe sanction of a dismissal on the merits and thus to end litigation where a party has willfully violated the discovery rules in a manner which defeats their purpose by conduct which can only indicate an unmistakable challenge to the authority of the rules or the lack of any substantial merit to his action or defense. For a failure to answer to be willful, it is necessary that there be a knowing awareness of the duty imposed by the rules to answer the questions propounded and, in spite of this awareness, a deliberate, conscious, and intentional choice to disregard this duty. While it is true that in the present case the failure to answer the five interrogatories was intentional, it was not, in our opinion, willful within the meaning of the rule. The evidence is clear that plaintiff's attorney was aware that he was under a duty to answer the five interrogatories. He felt it was a needless formality since he did not have sufficient information to answer the questions and because the proponent already had obtained from the deposition of plaintiff all of the information he or plaintiff possessed. Without this awareness of an obligation to respond, failure to answer could not be willful.

It is fundamental that the only objective of the pretrial discovery rules is to allow a party to obtain all of the facts relative to a claim or defense. Neither party may employ the discovery rules with the long-range objective of trapping the other into the imposition of sanctions, especially the imposition of the most severe sanction—dismissal. Thus, although the proponent has no duty to make a Rule 37.01 motion to compel answers upon a failure or refusal to answer, he should do so if it would be in furtherance of securing the information needed for his claim or defense. The authority of the court to award reasonable expenses and attorney's fees under Rule 37.01 allows the proponent to make use of this rule to compel disclosure at the noncomplying party's expense.

Where, however, a factual basis for seeking the sanction of dismissal exists, a motion pursuant to Rule 37.04 is authorized without a prior motion to compel answers. When such appears, it is incumbent upon the interrogating party to move for dismissal at the earliest possible time so that in the event of a denial of his motion for want of proof of willfulness, the employment of other provisions of the rules to obtain the information sought prior to trial is not jeopardized by the imminence of trial.[3]

Unlike Rule 37.01, there is no language in Rule 37.04 which gives authority to award expenses and attorney's fees. The court therefore erred in awarding attorney's fees to the defendant. Cf. Societe Internationale v. Rogers, 357 U. S. 197, 207, 78 S. Ct. 1087, 1093, 2 L. ed. (2d) 1255, 1264.

The appellant is denied all costs and disbursements on this appeal.

Reversed.

---

[3] For a critical analysis of the interpretation and application of the comparable Rule 37, Federal Rules of Civil Procedure, see Rosenberg, *Sanctions to Effectuate Pretrial Discovery*, 58 Col. L. Rev. 480.