**Lucien E. HUOT**

v.

**Romeo J. GENDRON.**

Supreme Judicial Court of Maine.

Dec. 23, 1971.

Waterhouse, Carroll & Cyr by Harold D. Carroll and Robert N. Cyr, Biddeford, for plaintiff.

J. Armand Gendron, Sanford, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

POMEROY, Justice.

Following the filing of a complaint alleging alienation of Plaintiff's wife's affections, Plaintiff filed interrogatories to be answered by the Defendant pursuant to Rule 33 of the Maine Rules of Civil Procedure.

■ Ultimately, after an Order · had been issued to compel answers under the provisions of Rule 37 of the Maine Rules of Civil Procedure, the Defendant declined to answer on the ground, "that his answers to these interrogatories or any one of them might be incriminatory and could be reasonably expected to have an incriminatory effect." [1]

A hearing on Plaintiff's motion to strike the answer resulted in the Defendant being ordered to answer all except the following three questions:

(1) Are you · in love with Priscille Huot?

(2) State whether your relationship with Priscille Huot has interfered with her marriage.

(3) Have you spent time with Mrs. Huot at the Holiday Inn in Westbrook? Give dates and time to the best of your recollection.

The Defendant then moved, pursuant to Rule 72(c) of the Maine Rules of Civil Procedure for a report of the interlocutory ruling to the Law Court. The Presiding Justice certified his opinion that the question of law involved in the interlocutory order ought to be determined by the Law Court before any further proceedings were taken and the matter is now before us on such report.

We first discuss a contention urged upon us by the Plaintiff.

■ The Plaintiff contends the Defendant must be considered to have waived any constitutional privilege against self-incrimination by his failure to object to the interrogatories within the time provided by Rule 33.

We do not agree.

Rule 33, Maine Rules Civil Procedure, by its terms provides that written objections to interrogatories must be served "within 30 days after the service of interrogatories."

It follows then, failure to serve written objections within the 30-day period must be considered a waiver of technical objections thereto. 4A Moore Fed. Practice, section 33.27.

However, failure to file a timely objection does not constitute a waiver of the privilege against self-incrimination or objections based on the rule of Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L. Ed. 451 (Work Products Rule) or experts' conclusions. State by Mattson v. Boening, 276 Minn. 151, 149 N.W.2d 87 (1967). Bohlin v. Brass Rail, Inc., (D.C.S.D.N.Y.) 20 F.R.D. 224 (1957). See also: Cleminshaw v. Beech Aircraft Corporation, 21 F. R.D. 300 (1957), where it is said:

"There are some matters, however, which are palpably outside the scope of preliminary inquiry and need not be disclosed during the discovery stages not-

---

1. A preferred practice would have been to assert the privilege with respect to each question concerning which there was refusal to answer rather than the blanket claim of privilege made in this case. This is so because the Court must make determination of good faith or lack thereof with respect to the refusal to answer each question separately. The procedure provided by Rule 15(a) of the Rules of the United States District Court of Maine (Field, McKusick & Wroth, Vol. 2, page 544) is recommended.

withstanding the failure of counsel to assert a timely objection. Bohlin v. Brass Rail, supra, recognizes two such areas, namely, privilege and Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, proscriptions." 21 F.R.D. 300, 302.

We rule that failure to file timely objection does not constitute a waiver of the privilege against self-incrimination.

A brief discussion of the procedural device employed to bring this case before us seems appropriate.

Rule 72(c), Maine Rules of Civil Procedure, has been described as "a major breach in the 'final judgment' rule." Field, McKusick & Wroth, Maine Civil Practice, vol. 2, p. 145.

█ The refusal to report a case is not reviewable by the Law Court. MacLean v. Jack, 160 Me. 93, 198 A.2d 1 (1964).

The Presiding Justice should direct that an interlocutory order be reported only when he "is of the opinion that a question of law involved in an interlocutory order or ruling made by it [him] in any action ought to be determined by the Law Court before any further proceedings are taken therein."

As the text writer (Field, McKusick & Wroth) says, "the trial judge should be convinced that the interests of justice and particularly the just, speedy and inexpensive determination of the action will be served" by reporting the interlocutory decree.

█ Implicit in the guide lines described in Rule 72(c) is that the question of law be one the answer to which is doubtful.

█ The question of law here presented is almost identical to that presented and discussed at great length in Collett v. Bither, Me., 262 A.2d 353 (1970). There, as here, the Defendant raised objections to answering interrogatories based on the constitutional privilege against self-incrimination. The questions there asked were very similar to those here before us.

In *Bither* we pointed out that the privilege against self-incrimination applied in any proceeding whether it be civil or criminal in nature.

We also pointed out, that had been the rule in Maine since long prior to Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed. 2d 653 (1964), and we cited Gendron v. Burnham, 146 Me. 387, 82 A.2d 773 (1951) as authority for the rule that the privilege against self-incrimination extends not only to the disclosure of facts sufficient in themselves to establish guilt of a crime but also to any fact which might constitute an essential link in a chain of evidence by which guilt can be established.

We then said and now repeat:

"Reasonable cause on the part of the person questioned to really apprehend danger of prosecution is the standard by which the exercise of the privilege must be tested in state as in federal proceedings."

We continued:

"And, in determining whether a real apprehension of danger exists, the judge before whom the problem is raised must give the benefit of any reasonable doubt to the person claiming the privilege. It is essential, however, to proper judicial administration that the exercise of the privilege not depend upon a purely arbitrary or capricious claim of apprehension of incriminating danger made by the person refusing to answer, and it is for the court to decide whether the fear of self-incrimination entertained by the witness or party is real or imaginary, substantial in character or so improbable or unrealistic that no reasonable person would suffer it to influence his conduct." 262 A.2d 353, 358.

We see no reasonable cause for apprehension of danger of prosecution for any crime resulting from complying with the

Presiding Justice's order. Answers to the questions here discussed are not privileged.[2]

The case is remanded to the Superior Court for action consistent with this opinion.

All Justices concurring.

## APPENDIX A

## INTERROGATORIES TO BE ANSWERED BY THE DEFENDANT

1. Please give a complete accounting of all of your assets, real, personal and mixed, stating in detail the type of asset, the physical location of the asset and the value or amount of each asset. With respect to bank accounts, please give the name and address of the banks in which the funds are deposited. In the case of corporate stock, please give the full name and location of the principal office of the corporations in which you hold stock in addition to the information outlined above.

2. Please state·when you first met Mrs. Priscille Huot, the wife of the Plaintiff, Lucien E. Huot.

3. Please state whether you have been seeing her on a regular basis.

4. What length of time on the average did you spend with her on each occasion that you met?

\*     \*     \*     \*     \*     \*

6. Have you advised Priscille Huot to divorce her husband and marry you?

7. Have you persuaded Priscille Huot to see you on a regular basis—that is, two or three times a week?

8. Have you often traveled together in your Cadillac automobile?

9. Have you often taken her to lunch or dinner?

10. State when you have taken her out to lunch or dinner, giving the dates and places of said occasions.

\*     \*     \*     \*     \*     \*

12. State whether you have met Mrs. Huot at the entrance to the Maine Turnpike at Kennebunk or Saco.

13. State whether you have met with Mrs. Huot at the Howard Johnson Restaurant on the Maine Turnpike at Kennebunk.

14. Do you have and operate a dark brown Cadillac bearing registration No. 154–475?

\*     \*     \*     \*     \*     \*

16. Have you ever eaten together at Fisherman's Pier in Kittery? If so, please give times and dates.

17. Have you telephoned Mrs. Huot to arrange the times and places of your meeting on a regular basis?

---

2. The questions are attached to this opinion as Appendix 1.