ANDREW V. ARMSTRONG and MAURITA G. ARMSTRONG, Plaintiffs, v. DIAMOND STATE BUS LINES, INC., a corporation of the State of Delaware, and EDWARD ROCHE, Defendants.

(*October* 3, 1956.)

LAYTON, J., sitting.

*Louis J. Finger* for the Plaintiffs.

*William H. Bennethum* for the Defendants.

Superior Court for New Castle County, No. 427, Civil Action, 1956.

LAYTON, J.:

Plaintiffs filed the following interrogatory:

"Plaintiffs repropound the following interrogatory which shall be deemed to be continuing, so as to require supplemental answers if defendants, or either of them, obtained further information between the time answers are served and the time of trial."

"1. State the names and addresses of all the passengers who were on the bus at the time of the accident involved in the present suit, insofar as such names and addresses are known or available to the defendants, or either of them."

Defendant agrees to furnish the names and addresses of all passengers on the bus at the time of the accident now within the memory of its driver but objects to the continuing nature of the interrogatory. The only basis for objection is that Rule 33 of this Court, *Del. C. Ann.* identical with Federal Civil Rule 33, 28 *U. S. C. A.*, requires that answers to interrogatories be given within 15 days after service. Defendant contends that this Rule is silent as to when he is required to furnish such additional information as may, from time to time, come to his knowledge. For instance, defendant argues that if supplementary facts within the scope of such an interrogatory come to his attention 10 days before the trial date, he would not be required by the Rule to divulge the information before trial.

■ The Federal Rule 33 is identical with that of this Court. The Federal Courts have found little difficulty in dealing with this exact situation. They have consistently held that counsel is not relieved of the obligation to supplement an answer to an interrogatory already made when additional information within its scope comes into his hands.

For instance, Judge Kirkpatrick in *McNally v. Yellow Cab Co., D. C. E. D. Pa.* 1954, 16 *F. R. D.* 460, said this:

"However, it may not be out of place for the Court to say at this time what should be obvious, namely, that the defendant is bound to give truthful answers to the interrogatories and that both good faith and the spirit of the Rule require it to see to it that its answers are truthful as of the time of the trial as well as of the time when the interrogatories are answered."

See also *R. C. A. Mfg. Co. v. Decca Records, Inc., D. C. S. D. N. Y.*, 1 *F. R. D.* 433. Compare *Chenault v. Nebraska Farm Products, Inc., D. C.*, 9 *F. R. D.* 529.

Defendants' objection is overruled.