Marguerite B. LUNN, Widow and Executrix of the Estate of William M. Lunn, Deceased, Plaintiff,

v.

UNITED AIRCRAFT CORPORATION, Defendant.

Civ. A. No. 2063.

United States District Court
D. Delaware.

March 1, 1960.

See also 182 F.Supp. 12.

Robert W. Wakefield, Foulk, Walker, Miller & Wakefield, Wilmington, Del., Eugene G. Lamb, Oppido & van Horne, Mineola, N. Y., for plaintiff.

Henry M. Canby, E. Norman Veasey, Richards, Layton & Finger, Wilmington, Del., for defendant.

RODNEY, Senior District Judge.

This matter concerns a diversity action by a widow and executrix seeking damages arising from a helicopter accident in New York, wherein the decedent was injured and as a result thereof he died.

Objection was made by the defendant to the entire original complaint, or in the alternative, to paragraph 7 thereof. As a consequence of this objection an amended complaint has been filed in which the allegations of paragraph 7 have been sub-divided into 13 lettered sub-paragraphs.

Prior to the filing of the amended complaint the defendant had propounded some 65 interrogatories, which were all answered in some fashion. The defendant has moved for further and more specific answers to some of the interrogatories. Because the plaintiff seems now to object to the relevancy or propriety of some of the interrogatories, and this objection is opposed by the defendant, a short statement of the record entries may be material.

The interrogatories were propounded by the defendant to the plaintiff December 29, 1958. By stipulation of counsel and order thereon, the time within which the plaintiff could file objections to any interrogatories was extended to January 25, 1959 and the time within which answers to interrogatories were

to be filed was extended to January 30, 1959. By four successive stipulations of counsel and orders thereon, the time of filing answers to interrogatories was extended to May 8, 1959. No extension of the time for objection to the interrogatories seems to have been made after January 25, 1959. The answers were duly filed. The reason these dates are given is because Rule 33 F.R.Civ.P., 28 U.S.C.A., makes a clear distinction between the time for objecting to interrogatories and the time for answering the same. The time for objecting, without extension, is 10 days from the service of the interrogatories, while the time for answering interrogatories, without extension, is 15 days after service. The defendant resists the attempt of the plaintiff at this late date to attack the propriety of the interrogatories. This Court in Cleminshaw v. Beech Aircraft Corp., D.C., 21 F.R.D. 300, 301, by Chief Judge Wright, said:

"The court is in accord with the line of authority holding that unless a timely objection is asserted, a litigant is precluded from thereafter testing the propriety of the information sought."

Neither in the cited case nor the present case is there any suggestion that the failure to seasonably object to the interrogatories was a result of "excusable neglect", as provided by Rule 6(b).

We now come to the consideration of the answers to the interrogatories as filed and their adequacy or completeness. The interrogatories as to which my opinion is desired are Nos. 2, 30–40, 42, 53, 63 and 64.

Interrogatory No. 2 is:

"Give the names and addresses of all persons having knowledge of the facts alleged in the complaint and give a general statement of the substance or subject matter of the knowledge possessed by each."

To this interrogatory the plaintiff has given certain information

known to her and the names of certain other witnesses who allegedly have some knowledge. A chief objection of the defendant is that the plaintiff does not set out the substance or subject matter of the knowledge of such third persons. I would not unduly circumscribe the area covered by interrogatories but believe that a plaintiff cannot be required to state under oath all the knowledge that a witness may have. An example may well be that of an expert witness in a complicated and abstruse subject matter. I believe the interrogating party is entitled to the names and addresses of the persons known to the interrogated party as having knowledge of the subject matter of the interrogatory, and with such information, the first-hand knowledge of such party may be obtained. Such, I believe, is the holding of Siegel v. Yates, D.C., 11 F.R.D. 129, 131, relied upon by the propounder of the interrogatory. The cited case refused to order oral statements of third parties. The present interrogatory goes much further and attempts to exhaust the knowledge of third persons. Believing, however, that the plaintiff may not have given the names and addresses of all the pertinent persons inquired about, I shall order a further answer. If the former answer is complete, it can be no hardship to so state; if it is not complete, it should be made so.

Interrogatories 30–40, 42, 63 and 64 were all answered by the plaintiff in substantially identical language, viz., "Plaintiff has no knowledge". The defendant construed this language to mean that the plaintiff has no "personal knowledge" and cites the ruling of this Court in Cleminshaw v. Beech Aircraft Corp., supra, as saying:

"One suing in a representative capacity may not confine replies to personal knowledge."

It is not clear the Court in the cited case intended to distinguish between an individual plaintiff and a plaintiff suing in a representative capacity, but in any

event, the plaintiff in the present case is suing in a representative capacity.

In order to shorten the time of discovery process, I shall assume (perhaps contrary to the fact) that the plaintiff by the answer that she "had no knowledge" meant that she had no "personal knowledge", and I shall order that further answers be made so as to include any knowledge with which she may be properly charged.

I think further answers should be made to Interrogatories 30, 31, 37, 39, 40, 42, 63 and 64.

Interrogatories 32, 33, 34, 35, 36 and 38 are in a different situation. They specifically refer to paragraph 7 of the original complaint which has on motion of the defendant been entirely stricken out. Interrogatory 32, as an example, asked:

"What is the 'defect inherent in its design and/or manufacture' referred to in paragraph 7 of the complaint?"

■ Paragraph 7 of the original complaint did contain the quoted language but on defendant's own motion the entire paragraph has been stricken out and a new paragraph substituted, and in this entire paragraph those words do not appear. Interrogatories 32, 33, 34, 35, 36 and 38 specifically refer to paragraph 7 of the now non-existent portion of the original complaint and I consider the answer to these interrogatories as moot. It is surely not the duty of the Court to attempt to correlate to a subsequent pleading an interrogatory specifically directed to a given paragraph where such paragraph has been stricken out, and especially if the defendant, since the filing of the amended complaint, has filed 29 additional interrogatories, the time for the objecting to or the answering of which has not yet arrived.

■ Interrogatory No. 53 presents certain problems which may be common to other interrogatories. Under Rule 33 interrogatories may be propounded after 10 days from the commencement of the action and even within that time with the leave of the Court. Since interrogatories must, without express extension, be answered within 15 days, it is obvious that full information may not then be available. The proximity of the date of the bar of the Statute of Limitations may require an action to be brought without full knowledge.

Interrogatory No. 53 inquires:

"Does plaintiff contend that defendant violated any C.A.R. in manufacturing, selling, delivering, and/or supplying said helicopter? If so, specify the C.A.R. involved, wherein they were violated and furnish the names and present addresses of all persons having knowledge of the facts upon which your answer is based."

The interrogatory was answered:

"Yes, but plaintiff has no knowledge as to the particular violations of the defendant."

This Court must assume that this interrogatory was truthfully answered as of the date the answer was made. The question must arise then as to the continuing nature of this interrogatory. Many courts have held that answers to interrogatories should be of a continuing nature and information later acquired by the answering party should be transmitted to the propounder of the interrogatory. In some cases the propounder, himself, has stipulated that the interrogatory should be a continuing one. District Courts of this Third Circuit have held that interrogatories under Rule 33 should be considered as of a continuing nature to the date of trial without the specific stipulation of the propounder.[1]

1. Smith v. Acadia Overseas Freighters, D.C.E.D.Pa., 120 F.Supp. 192; McNally v. Yellow Cab Co., D.C.E.D.Pa., 16 F.

R.D. 460. This latter case might be considered as obiter, since no question was actually presented, yet such obiter, if any,

Judge Gourley in Novick v. Pennsylvania Railroad Co., D.C., 18 F.R.D. 296, considered the contrasting burdens of a continuing interrogatory as affecting a party to give later acquired information as against the opportunity of a propounder to file additional interrogatories in case the original answers were insufficient. I have no such problem. The interrogatory inquires as to whether it is a contention of the plaintiff that the defendant violated a Civil Air Regulation and, if so, to state the regulation involved. The answer is that it is the contention of the plaintiff that the defendant violated the regulation but added "but plaintiff has no knowledge as to the particular violations of the defendant."

I am clearly of the opinion that Interrogatory No. 53 is of a continuing nature, and it is the duty of the plaintiff when it has ascertained that reliance is to be placed upon any specific violation of the cited Regulation to give immediate notice thereof to the defendant with the particulars set out in this interrogatory.

Summarizing, therefore, I am of the opinion:

(1) That further answers should be made to Interrogatories 2, 30, 31, 37, 39, 40, 42, 63 and 64.

(2) That no further answer need be made to Interrogatories 32, 33, 34, 35, 36 and 38.

(3) That Interrogatory No. 53 as a continuing interrogatory should be more fully answered when and if knowledge is subsequently obtained as to a particular violation by the defendant and reliance is subsequently asserted by plaintiff to the subject matter of the interrogatory.

An appropriate order may be submitted.

was expressly adopted in Novick v. Pa. R. Co., D.C.W.D.Pa., 18 F.R.D. 296. See also ruling of Judge Layton, now of the U. S. District Court for the District of Delaware, when a Judge of the Superior Court of Delaware, and acting under a rule identical with Rule 33 in Arm-

strong v. Diamond State Bus Lines, Inc., 11 Terry 163, 50 Del. 163, 125 A.2d 856. See also R.C.A. Mfg. Co. v. Decca Records, D.C.S.D.N.Y., 1 F.R.D. 433; Chenault v. Nebraska Farm Products Co., D.C. Neb., 9 F.R.D. 529.