MAURER–NEUER, INC., a Kansas Corporation, Plaintiff,

v.

UNITED PACKINGHOUSE WORKERS OF AMERICA, a Labor Organization affiliated with AFL–CIO, and Local No. 36 of United Packinghouse Workers of America, a Labor Organization affiliated with AFL–CIO, Defendants.

No. KC–892.

United States District Court
D. Kansas.

Nov. 2, 1960.

David W. Carson and John K. Dear (of Carson & Dear), Kansas City, Kan., and Richard R. Rock, Arkansas City, Kan., for plaintiff.

James H. Barnes, Kansas City, Kan., Eugene Cotton (of Cotton, Fruchtman & Watt), Chicago, Ill., and Robert Fousek, Kansas City, Mo., for defendants.

ARTHUR J. STANLEY, District Judge.

Plaintiff has brought this action under 29 U.S.C.A. § 185(a) against United Packinghouse Workers of America, a national labor union, and its Local No.

36, to recover damages for alleged breach of a no-strike provision of a collective bargaining agreement.

The amended complaint is summarized in the opinion in United Packinghouse Workers of America v. Maurer-Neuer, Inc., 10 Cir., 1959, 272 F.2d 647. In it plaintiff alleges that as a result of the claimed breach of the contract,

"plaintiff has suffered severe damages due to loss of product, cost of storage, increased cost of sales and delivery, market advantages, loss of advertising, loss of customer relations, damages to plant facilities and equipment, and loss of sales all in and to its damage in the amount of $450,000.

"Furthermore that due to the fact the plaintiff's plant is unable to operate plaintiff will incur losses of approximately $4,000 per day for each day the strike continues."

On October 4, 1957, Local No. 36 served upon the plaintiff sixteen written interrogatories, all relating to the damages claimed by plaintiff and seeking detailed information as to the method of calculation employed by the plaintiff in computing the amount attributable to each element of damage alleged.

None of the interrogatories have been answered, nor were objections filed thereto until February 27, 1958, when plaintiff filed (and presumably served on the defendant) its objections to the interrogatories. On the same date, Local No. 36 filed its motion under Fed.Rules Civ. Proc. Rule 37(d), 28 U.S.C.A., to dismiss the action because of the failure of the plaintiff to serve timely answers or objections thereto as provided by Rule 33.

In the meantime, the national union had filed its motion to dismiss as to that defendant. After much delay, this motion was argued and briefed, and on January 19, 1959, was decided adversely to the national union. An appeal was allowed under the provisions of 28 U.S.C.A. § 1292(b), and on November 14, 1959, the order denying the motion was affirmed. 10 Cir., 272 F.2d 647.

While proceedings in the case were not formally stayed pending disposition of the appeal, counsel agreed informally that no action was to be taken in the case until such disposition. By common consent (or by common neglect), the motion of Local No. 36 to dismiss and the objections of the plaintiff to the interrogatories did not reappear on the motion calendar of this court until October 4, 1960; and it is with these matters that we are now concerned.

■ Local No. 36 would have the case dismissed because of the failure of the plaintiff to answer the interrogatories within the time permitted by Rule 33. Rule 37(b) authorizes such drastic action only when the refusal is willful and, I feel, should be resorted to only after disobedience of an order compelling an answer under Rule 37(a). No application for such an order was made by the defendant. I am convinced that the failure to answer the interrogatories or to seek an enlargement of time to answer or to file timely objections was brought about by preoccupation with another aspect of the case (the motion of the national union), and was not willful. The motion of Local No. 36 for an order dismissing the action will be denied.

■ Quite another view must be taken with respect to plaintiff's objections to the interrogatories. When the interrogatories were served on October 4, 1957, the plaintiff could have pursued one of three courses: it could have served copies of its answers within fifteen days; it could have served written objections to the interrogatories within ten days; it could have requested an enlargement of time within which to do

either. Plaintiff did none of these things.

The first response to the interrogatories was by way of the objections now under consideration, served and filed February 18, 1958, four months and fourteen days after the date of receipt of the interrogatories.

By such delay, plaintiff waived its right to object to the interrogatories. Cleminshaw v. Beech Aircraft Corporation, D.C.D.Del.1957, 21 F.R.D. 300; International Fertilizer & Chemical Corp. v. Brasileiro, D.C.S.D.N.Y.1957, 21 F.R. D. 193; Bohlin v. Brass Rail, D.C.S.D. N.Y.1957, 20 F.R.D. 224; Cary v. Hardy, D.C.E.D.Tenn.1940, 1 F.R.D. 355; 4 Moore's Fed.Prac., ¶ 33.27, p. 2335; 2 Barron & Holtzoff, Fed.Prac. & Proc., § 776.

At the hearing of these matters, it was suggested by the Court that counsel confer informally with accountants of the parties in attendance and attempt to work out the least burdensome manner in which the information sought by the defendant might be furnished. The Court again urges such action, not with the idea that such conference be considered as a substitute for the answers to the interrogatories, but so as to avoid rigid adherence to the form of the questions in the not unlikely event that the same information might be available by simpler application to the system of bookkeeping employed by the plaintiff.

Plaintiff is directed to answer within fifteen days from the date of this order each of the interrogatories served on it by Local No. 36. If it is unable to answer any interrogatory, it shall so state under oath of one of its officers, setting forth in detail in each instance why it cannot answer and what efforts have been made by it to obtain the information sought.

It is so ordered.