

Order

See also 28 F.R.D. 380.

Beasley & Ornsteen, by James E. Beas-
ley, Philadelphia, Pa., for plaintiff.

Wolf, Block, Schorr & Solis-Cohen,
by Bernard M. Borish, Philadelphia, Pa.,
for defendant.

WOOD, District Judge.

The basis of the defendant's objections
to the plaintiff's interrogatories is that
they are too broad and would require the
defendant to gather and compile so much
information that the defendant would
thereby be unduly burdened and harassed.
We think that the defendant cannot com-
plain merely because in order to answer
plaintiff's interrogatories it must inter-
rogate its personnel or compile informa-
tion within its control. Of course, the
degree to which the defendant must ex-
pend time, effort, and money in gathering
such information is a matter within the
discretion of the Court. Having in mind
the rights of both parties, as briefly

Charles E. **HARVEY**

v.

**EIMCO CORPORATION.**

Civ. A. No. 28708.

United States District Court
E. D. Pennsylvania.

May 31, 1961.

---

stated above, we enter the following Order:

### Order

And now, to wit, this 31st day of May, 1961, the defendant is directed to answer the plaintiff's interrogatories as follows:

Interrogatories Nos. 11 and 12 are to be answered by giving the name, address, and job classification of all instructors, servicemen, salesmen, or representatives of the defendant who visited the United States Steel's Fairless Works *for the purpose of discussing the 105 Tractor-Excavator,* during the period beginning at the time the first 105 Tractor-Excavator was sold to the Fairless Works and ending at the time of the plaintiff's injuries—providing that that period is no longer than five years.

Interrogatories Nos. 13 through 20 are to be answered, with the answer limited, however, to the 105 Tractor-Excavators which were sold to the Fairless Works of the United States Steel Corporation within one year prior to the plaintiff's accident.

Interrogatory No. 24 is to be answered by the defendant, but the answer is to be limited to the name of the person in charge of the engineering department which designed the original 105 Tractor-Excavator and the name of the person who approved the original design thereof. Since this interrogatory does not ask for the name or names of persons who designed any modification of the Tractor-Excavator, this information need not be furnished in answer to this interrogatory.

Interrogatory No. 25 is to be answered in light of our ruling on interrogatory No. 24.

The defendant's objections to interrogatories Nos. 42 and 43 are sustained. Interrogatory No. 42 amounts to what we consider a "loaded question." Interrogatory No. 43 is too vague and uncertain.

Furthermore, the information elicited by both interrogatories could more conveniently be obtained by depositions.

Interrogatories Nos. 38 through 40 are to be answered.

The defendant's objection to interrogatory No. 41 is sustained.

Interrogatory No. 49 is to be answered.

Interrogatory No. 56 is to be answered.

Defendant's objection to interrogatory No. 57 is sustained, as this question is too broad and burdensome as worded and seeks information much of which would be totally irrelevant to the subject matter of this action.

Interrogatories Nos. 58 through 61 are to be answered with the following qualifications:

The phrase "the reason therefor" in interrogatory No. 59, and the phrase "the purpose therefor" in interrogatory No. 61 are to be stricken.

The defendant's motion to implead the United States Steel Corporation as a third-party defendant in this suit has been granted. We think that several of the plaintiff's interrogatories should be narrowed so as to pertain to the particular Tractor-Excavator which was involved in this accident. Now that the United States Steel Corporation is a party to this suit, the plaintiff will have an opportunity to discover the identity of that Tractor-Excavator, and thereafter the following interrogatories shall be answered by the defendant as limited to that particular Tractor-Excavator:

Interrogatories Nos. 33 through 35; No. 37; Nos. 44 through 48; and Nos. 50 through 55.

However, until the plaintiff can identify the specific Tractor-Excavator, defendant's objections to these interrogatories are sustained.