Michael McKEON, Sr., James C. Wingate, Victor Osuchowski, Robert C. Brenna, Granville T. Mitchell, Mitchell Bush, Edward D. Strickland, Marion Dill, Doyle A. Ashley, Plaintiffs,

v.

HIGHWAY TRUCK DRIVERS AND HELPERS, LOCAL 107, of the INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, an unincorporated association, Defendant.

Civ. A. No. 2364.

United States District Court
D. Delaware.

Oct. 17, 1961.

H. B. Rubenstein, Leshem & Rubenstein, Wilmington, Del., for plaintiffs.

David B. Coxe, Jr., Coxe, Booker, Walls & Cobin, Wilmington, Del., for defendant.

LEAHY, Senior District Judge.

This is an action under the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C.A. § 401 et seq., to require election by secret ballot of business agents and stewards of Local 107, Highway Truck Drivers and Helpers of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America. Plaintiffs have put interrogatories; defendant has answered some, but objects to Interrogatories 1 and 3, which seek the home addresses of each business agent and steward.

■ 1. Where timely objection is not made to interrogatories, the right to object is waived.[1] In the case at bar no objection was made nor motion filed to enlarge the time to object, within the 10 day period of the rule. The issue of excusable neglect was not before the Court on the moving papers, and not until the day of argument did counsel hand to the Court defendant's "Motion for Acceptance Objections to Plaintiffs' Interrogatories 1 and 3" under F.R.Civ.P. rule 6(b), 28 U.S.C.A., which sought an extension of time beyond the 10-day expired period and an opportunity to argue that plaintiffs' Interrogatories 1 and 3 were oppressive and not material to the issues in the cause. An affidavit of defendant's counsel was offered in support of the motion. It recited the chronological sequence of time of both Wilmington and Philadelphia counsel during the 10-day period in which the interrogatories were required to be answered. Such apologia of the professional and private lives of the attorneys was not of such persuasion as to constitute "excusable neglect." The fact the interrogatories were submitted "immediately prior to a well recognized extended week end holiday" [Labor Day] should not have prevented counsel from

1. Cleminshaw v. Beech Aircraft Corp., D.C.Del., 21 F.R.D. 300, 301; Lunn v. United Aircraft Corp., D.C.Del., 25 F.R.D. 186, 188; Mengle v. Tucker, D.C. E.D.Pa., 21 F.R.D. 187; Baxter v. Vick et al., D.C.E.D.Pa., 25 F.R.D. 229; Cary v. Hardy et al., D.C.Tenn., 1 F.R.D. 355; Bohlin et al. v. The Brass Rail, Inc., D.C. S.D.N.Y., 20 F.R.D. 224; International Fertilizer & Chemical Corp. v. Brasileiro et al., D.C.S.D.N.Y., 21 F.R.D. 193;

Mauer-Neuer, Inc. v. United Packing House Workers of America et al., D.C. Kans., 26 F.R.D. 139; Cowie v. Continental Oil Co., D.C.S.D.N.Y., 28 F.R.D. 384.

See, too, 4 Moore, Federal Practice ¶ 33.27, p. 2335. 2 Barron & Holtzoff, Federal Practice and Procedure, § 775, pp. 473–474; 7 Cyc. of Federal Procedure ¶ 25.497, pp. 489–490.

making a motion before any judge of this Court for extension of time to file their replies. F.R.Civ.P. rule 33 prescribing a 10-day period for objections is not arbitrary. Before the expiration date a party has the right to seek enlargement of time by an application for an extension or for a protective order.[2, 2a] Where no extension or protective order is sought, defendant's untimely objections must be overruled as out of time. Defendant is ordered to reply to the interrogatories as put.

■ ■ 2. Even were this Court to consider defendant's present but tardy objections the same order would result. Defendant first objects to plaintiffs' Interrogatories 1 and 3 on the ground of relevancy. F.R.Civ.P. rule 26(b) states it is no ground for objection that the sought information will be inadmissible at trial; such information should be made available if it "appears reasonably calculated to lead to the discovery of admissible evidence." Location of witnesses is the proper subject for discovery.[3] Information regarding duties of the business agents and stewards of defendant Local 107 is relevant to the issues in this case. Hence, location of such persons [e. g., for taking their depositions] is reasonably calculated to lead to discovery of admissible evidence, i. e., information regarding the nature of the duties of the respective offices. See, Lunn v. United Aircraft Corp., D.C.Del., 25 F.R.D. 186, 188. Defendant claims

that the replies already made to Interrogatories 2 and 4 (relating to the nature of the duties of stewards and business agents) make unnecessary and repetitious any questions which may be put to such personnel. This lacks conviction. Further replies by way of deposition or other discovery techniques may bring into sharp focus the precise duties of the stewards and business agents, thus facilitating the determination of the legal issue in this case: *whether they are officers under the Labor-Management Reporting and Disclosure Act of 1959, and as such should hold their office by vote of the membership rather than by appointment.*

■ 3. Moreover, defendant's other objection that to procure the home address of a number of stewards estimated as exceeding 600 would be "oppressive and would require excessive amount of research and/or compilation of data, not readily available, as requested, at great expense," has not been supported by a specific showing. Professor Moore has written that a general objection of this nature raises no justiciable issue unless, as stated, such objections should make a specific showing of facts why such interrogatories should not be answered.[4] Whether or not such specific showing might be made, it has not been made here, and no ruling protecting Local 107 can result. [It appears likely that defendant Local 107 would be hard-pressed to produce such evidence in much the same way that any organization would have diffi-

2. Action under F.R.Civ.P. rule 33, integrating F.R.Civ.P. rule 30(b), and F.R. Civ.P. rule 6(b).

2a. Cary v. Hardy et al. supra; Bohlin et al. v. The Brass Rail, Inc., supra.
    While failure to object operates as a waiver as to grounds of materiality and relevancy, failure to object has been held not to waive matters of privilege or work product. Bohlin v. Brass Rail Inc., supra; International Fertilizer & Chemical Corp. v. Brasileiro et al. supra. In fact, in this District the Court has entertained objections to interrogatories where the failure to object was the product of excusable neglect invoked by mo-

tion for protective orders under F.R.Civ. P. rule 33, integrating F.R.Civ.P. rule 30 (b), or for enlargement of time under F.R. Civ.P. rule 6(b). Cleminshaw v. Beech Aircraft Corp., supra; Lunn v. United Aircraft Corp., supra.

3. 4 Moore, Ibid, ¶¶ 26.19, 33.03 [7], and 33.21.

4. 4 Moore, Ibid., ¶ 33.20, p. 2316.
    "One thing seems clear, and that is that the courts should not dispose of interrogatories on the basis of any broadside generalization as to 'burdensomeness' and 'expense'." 4 Moore, ibid., p. 2321.

culty in proving oppression as to information regarding the location of its own personnel.] [5] Defendant's objections to plaintiffs' Interrogatories 1 and 3 on the two particular grounds stated, supra, are insufficient.

An order may be submitted overruling defendant's objections to plaintiffs' Interrogatories 1 and 3 and providing the interrogatories must be answered.

5. See, Harvey v. Eimco Corp., D.C.E.D.Pa., 28 F.R.D. 381.