W. LaMonte ROBISON, Trustee of Beehive Security Thrift & Loan,
Appellant,

v.

TRANSAMERICA INSURANCE CO., and Firemans Fund Insurance Co.,
Appellees.

No. 8694.

United States Court of Appeals
Tenth Circuit.

Oct. 28, 1966.

---

William G. Fowler, Salt Lake City, Utah, for appellant.

Harold G. Christensen, Salt Lake City, Utah (Ray R. Christensen, Salt Lake City, Utah, on brief), for appellees.

Before MURRAH, Chief Judge, HICKEY, Circuit Judge, and BRATTON, District Judge.

MURRAH, Chief Judge.

This is an appeal from a judgment pursuant to Rule 37(d), F.R.Civ.P., dismissing this action for failure to answer interrogatories submitted under Rule 33, F.R.C.P.

Rule 33 provides for the submission of interrogatories and for their answer within fifteen days after service unless the court enlarges or shortens the time. Rule 37(d) provides in material part that if " * * * a party wilfully * * * fails to serve answers to interrogatories submitted under Rule 33 * * * the court on motion and notice may * * * dismiss the action or proceeding or any part thereof, or enter a judgment by default * * *."

The appellant sued two insurance companies on separate fidelity bonds in May, 1965. One insurance company answered in September and in October submitted written interrogatories pursuant to Rule 33. The other insurance company answered in October. More than two months after service of the interrogatories, the insurance company wrote counsel for the plaintiff requesting an answer. Having received no response, and the matter apparently having been set for pre-trial conference, the appellee insurance companies moved the court pursuant to Rule 37(d) for an order striking the complaint and dismissing the action with prejudice on the grounds that plaintiff had wilfully failed to answer or object to the submitted interrogatories. Three days later, when the matter came on for pre-trial hearing, the motion was brought to the attention of the court. Counsel for the defendant insurance companies reviewed the facts and suggested that the failure to answer the interrogatories was sufficient basis for dismissal of the action. Plaintiff's counsel responded explaining, "We filed this lawsuit to stop the running of the statute of limitations. We felt we had good cause. There were references in the books and records to securing both of these bonds." He further explained, "Because of the nature of the proceeding we haven't had the books and records. They have been scattered throughout the United States * * * in the hands of numerous officers." Counsel then told the court, "Your Honor, I think we are in a position now, even though we do not have in our possession copies of these bonds—we are in a position to answer these interrogatories, and the answers will be substantially the answers contained in the pretrial order that was submitted this morning. I regret the delay, but it has involved interviewing countless hundreds of people, and we simply have been unable to answer them to this point. We have solicited the cooperation of counsel in that regard." After some irrelevant colloquy, the court replied, "The motion is granted. The

action is dismissed. Get me up an order \* \* \* without prejudice." In these circumstances we think the dismissal of the action was unwarranted.

Rule 37 is the means by which the courts enforce compliance with the discovery scheme in the Rules. It affords a broad choice of remedies and penalties for failure to comply. See B. F. Goodrich Tire Company v. Lyster, 5 Cir., 328 F.2d 411, 415; Moore's Federal Practice, 2d ed., Vol. 4, § 37.01 et seq.; Barron & Holtzoff, Federal Practice and Procedure (Wright ed.), § 851. The administration of the rules lies necessarily within the province of the trial court with power to fashion such orders as may be deemed proper to vouchsafe full discovery for the just, speedy and inexpensive determination of the lawsuit. See United States for Use of Weston & Brooker Co. v. Continental Casualty Company, 4 Cir., 303 F.2d 91. But, the sanctions provided in the rule are not absolute; they are couched in terms of "may", not "shall"; they contemplate the exercise of judicial discretion which is, of course, always subject to review for abuse. See B. F. Goodrich Tire Company v. Lyster, supra, and authorities cited; Craig v. Far West Engineering Company, 9 Cir., 265 F.2d 251, 260, 72 A.L.R.2d 1143. The ready sanctions in subsection (d) are predicated upon a finding of "wilful failure". But, to be "wilful" the failure need not necessarily be accompanied by wrongful intent. It is sufficient if it is conscious or intentional, not accidental or involuntary, i. e. see United States for Use of Weston & Brooker Co. v. Continental Casualty Company, supra; United States v. 3963 Bottles, More or Less, etc., 7 Cir., 265 F.2d 332, 337; Brookdale Mill v. Rowley, 6 Cir., 218 F.2d 728, 729.

Appellant here first suggests that a directive order of the court as provided in Rule 37(a) and (b) is prerequisite to enforcement of the sanctions in 37(d). And see Maurer-Neuer, Inc. v. United Packinghouse Workers of America, D.C., 26 F.R.D. 139, 140. But, it seems to be generally agreed that this subsection of the rule "permits an immediate sanction against parties \* \* \* for wilful failure \* \* \* to answer interrogatories." See Barron and Holtzoff, Federal Practice and Procedure (Wright ed.), § 851. The sanctions under this subsection "apply without regard to whether the court has ordered the delinquent party to appear for his deposition or answer interrogatories." Id. § 855.

The rule provides for due process hearing after notice, and see Societe Internationale Pour Participation Industrielles, etc. v. Rogers, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255. While the motion in this case was heard only three days after it was filed, there is no dispute about the salient facts, and counsel was permitted to plead his cause.

If, as appellant says, he could not comply, he should have answered counsel's letter explaining the necessity for the delay and, if necessary, applied to the court for enlargement of the time to answer. He did neither. But, no one seems to have been interested in the expeditious prosecution of the suit. (The first answer was not filed until more than three months after suit.) The plaintiff was derelict, but he was contrite. The trial court was obviously impatient, perhaps even injudicious. After all, the purpose of the discovery rules is to produce evidence for the speedy determination of the trial. The office of 37(d) is to secure compliance with the discovery rules, not to punish erring parties. We think the spirit and purpose of the rule would have been best served and the expense of this appeal avoided if appellant had been allowed to answer instanter, as apparently he was prepared to do.

The judgment is reversed and remanded with directions to vacate the order of dismissal and to allow prompt answer to the submitted interrogatories.