Robert LINNEAR, Plaintiff-Appellant,

v.

Wayne E. WHITE, Defendant-Appellee.

No. 17776.

United States Court of Appeals, Seventh Circuit.

Feb. 13, 1970.

Leonard Rubin, Chicago, Ill., for appellant.

Raymond F. Simon, Corp. Counsel, John J. George, Chicago, Ill., for appellee, Marvin E. Aspen, Asst. Corp. Counsel, of counsel.

Before CASTLE, Chief Judge, KILEY and KERNER, Circuit Judges.

PER CURIAM.

Plaintiff brings this appeal from the order of the district court denying plaintiff's motion to reinstate his action against defendant. On January 20, 1969, plaintiff, by his attorney, A. A. Browne, filed a complaint in the district court charging defendant, a Chicago policeman, with violation of his civil rights under 42 U.S.C. §§ 1983 and 1988. Four days later, on January 24, 1969, Mr. Browne died. On February 28, counsel for defendant sent to Mr. Browne notice of interrogatories and of deposition, to which no response was given. On April 28, defendant filed a motion to dismiss the complaint for failure to answer interrogatories, under Rule 37(d), Federal Rules of Civil Procedure,[1] which motion was granted at an ex parte hearing held the next day. On May 2, plaintiff's present attorney filed a motion to reinstate, upon which a hearing was held on May 9. The court continued the motion until May 28, on which date another hearing was held. Affidavits had been filed by both parties and argument was heard by the court, in which certain questions of credibility were raised. The court ruled that the motion to reinstate be denied and plaintiff brought this appeal.

The record is unclear as to when present counsel became plaintiff's attorney in this matter and as to when he learned of the pending interrogatories and deposition. Although counsel for plaintiff might have been somewhat less than responsive in answering some of the district court's questions in this connection, nevertheless, we are of the opinion that justice will best be served by affording plaintiff the opportunity to have his day in court.

1. Rule 37(d) provides:
"Failure of Party to Attend or Serve Answers. If a party or an officer or managing agent of a party wilfully fails to appear before the officer who is to take his deposition, after being served with a proper notice, or fails to serve answers to interrogatories submitted under Rule 33, after proper service of such interrogatories, the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party."

"[T]he purpose of the discovery rules is to produce evidence for the speedy determination of the trial. The office of [Rule] 37(d) is to secure compliance with the discovery rules, not to punish erring parties." Robison v. Transamerica Insurance Company, 368 F.2d 37, 39 (10th Cir. 1966).

Accordingly, we reverse the decision of the lower court and remand with directions to reinstate plaintiff's action.

Reversed and remanded with directions.