**Frisco M. CABALES, Plaintiff,**

and

**The United States of America ex rel. Frisco M. Cabales, Petitioner,**

v.

**The UNITED STATES of America, as Owner, Bulk Transport, Inc., General Agent, and Frank W. Lawrence, Master of the SS ALBION VICTORY, Defendants.**

**No. 68 Civ. 1614.**

United States District Court, S. D. New York.

Aug. 21, 1970.

Fuller, Hopkins, Lawton & Taussig by William E. Fuller, New York City, for plaintiff.

·Louis E. Greco, Atty. in Charge, Admiralty & Shipping Section, U. S. Dept. of Justice, New York City, for defendant United States.

CANNELLA, District Judge.

The motion of defendant United States of America [hereinafter "government"] for summary judgment, made pursuant to Rule 56 of the Federal Rules of Civil Procedure (FRCivP), is granted. In November, 1968, the complaint herein was dismissed in its entirety as against defendants Bulk Transport, Inc. and Frank W. Lawrence. At the same time, Judge Ryan granted the government's motion for partial summary judgment, dismissing the second and fourth alleged causes of action and that part of the first alleged cause of action

set forth in paragraph Eleven of the complaint. See Cabales v. United States, 300 F.Supp. 1323 (S.D.N.Y. 1968), aff'd, 412 F.2d 1187 (2d Cir. 1969).

In September, 1969, the government moved pursuant to Rule 37 of the FRCivP for an order directing the plaintiff to answer interrogatories[1] which had been submitted to him in August of 1968. On September 18, 1969, Judge Lasker signed a consent order directing the plaintiff to file "full and complete" answers to the interrogatories within 20 days. If the plaintiff were to fail to answer, it was further ordered that:

> * * * the answer to the first interrogatory shall be taken to be that no item of wage or deduction was deducted, withheld or retained, and that the answer to the second interrogatory shall be taken to be that no item of personal effect was withheld, retained, paid to another or not deposited, and that the answer to the third interrogatory shall be taken to be that no publications were made.

In other words, failure to answer would result in dismissal of the remaining alleged causes of action in accordance with the then applicable Rule 37(b) (2) of the FRCivP.

An unsigned and unverified writing purported to be plaintiff's answers was filed in this Court on October 10, 1969. The government thereupon filed its present motion.

■ Rule 33 of the FRCivP requires that interrogatories be answered "separately and fully in writing under oath" and "signed by the person making them." Neither of these basic requirements was complied with here so that the writing submitted late (on October 10th) does not qualify as an answer. In view of this failure to answer, the interrogatories propounded by the government are deemed answered as set forth above in the consent order.

■ Plaintiff's attorney argues in opposition to the motion herein that the reason the purported answers were not verified is that the plaintiff "is a seaman and unavailable," but this court is unaware of any case excepting seamen from the requirements of Rule 33, nor has counsel cited any such authority. Furthermore, while it might be true that the plaintiff was unavailable when the writing, which he apparently never saw, was drafted, there is no showing that the plaintiff was never once available to answer the interrogatories during the year preceding the government's Rule 37 application.

The court further finds that even if the writing were in compliance with the requirements of Rule 33, the first two purported answers therein are not in compliance with the consent order. The mere references to various documents in no way qualify as "full and complete" answers to interrogatories one and two. On the other hand, the court finds the information set forth in answer to the third interrogatory to be generally responsive. But be that as it may, this answer does not spell out a valid (third) cause of action against the government in view of 28 U.S.C. § 2680(a) and (h).

In view of the foregoing, the motion for summary judgment is granted, and the remaining "counts" of plaintiff's complaint against the government are hereby dismissed.

So ordered.

---

[1]. Three interrogatories were propounded, the first two relating to the first alleged cause of action against the government as set forth in paragraphs Ten and Twelve of the complaint and the third relating to the third alleged cause of action as set forth in paragraph Sixteen of the complaint.