## CIRCUIT COURT OF CAMPBELL COUNTY

James R. Stone

v.

Jessie Bowyer

January 15, 1973

By JUDGE WILLIAM W. SWEENEY

I have reviewed the authorities submitted by counsel in the captioned case in which the jury returned a verdict for the plaintiff on December 8, 1972, in the Circuit Court of Campbell County. I am of the opinion, as I was at the conclusion of the trial, that there was no prejudicial error in the case and that the jury verdict should be approved.

Counsel for the defendant have listed numerous assignments of error upon some of which I will not comment further. I do feel that I should state briefly my reasons for ruling that the exclusion of certain testimony offered by the plaintiff was proper and for ruling that the plaintiff's evidence, viewed in a light most favorable to the plaintiff, created a jury issue upon which the jury could decide against the defendant.

Acting under the provisions of Rule 4:8, plaintiff filed interrogatories addressed to the defendant on September 19, 1972. Several of the questions requested the names of persons having any knowledge of the

incident giving rise to the action and the names of witnesses whom the defendant would use at trial. Further, the interrogatories specifically required supplementation of answers if additional witnesses were discovered prior to the trial date. Defense counsel responded by answering "none other than the defendant." No objections to the form or content of the interrogatories was made by the defendant, and plaintiff proceeded to prepare and develop his case on the basis of such answers.

On the morning of trial, the defense attempted to call as witnesses people whose name and address had never been disclosed to the plaintiff. The Court allowed character witnesses to testify but on motion of the plaintiff excluded certain other testimony. This was assigned as error.

Rule 4:8 specifically states that "each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer."

As Judge Craig states in his Virginia Law Review Article, "New Virginia Rules for Deposition and Discovery" at 53 Va. L. Rev. 1819 at 1833:

> Rule 4:8 governs written interrogatories addressed to parties. Designated like all discovery procedures to eliminate surprise and promote the just disposition of cases by affording litigants an opportunity to question each other as to the facts and to clarify the issues prior to trial, the rule goes beyond what was previously possible under Code Sections 8-320 to 8-323. (74) Rule 4:8's federal equivalent, Rule 33, has seen extensive use.

In other words, the new Rules were designed to prevent exactly what happened here, surprise to the plaintiff on the day of trial. Unless the courts possessed some means of preventing the non-complying

party from taking unfair advantage of the other party and from circumventing the clear intent of the Rules, there would be no reason for the Rules. I do not feel that any wrongful intent or bad faith was intended, but I do feel that there was a clear and obvious failure to comply with the intent of the Rules. This was not a case of mistake or oversight. Many of the cases cited by the plaintiff can be distinguished on this ground and on the ground that the defendant made no objection to the questions.

The sanctions provided by the Rules and the inherent authority of the trial court to insure a fair trial to both parties supported the discretion exercised by the Court in this instance.

Furthermore, as counsel for the plaintiff points out on page 5 of his brief and as the Record will show, the proffered testimony of the excluded witnesses was irrelevant. Prejudice has not been shown. See _Wirtz v. Continental Finance_, 326 F.2d 561 (1964); _Lunn v. United Aircraft Corp._, 25 F.R.D. 186 (D. Del. 1960).

The other question which deserves comment is the sufficiency of the evidence to support the verdict. The Virginia Supreme Court has consistently ruled that the issue of proximate cause is usually a question for the jury. Also, it was held in _Tyree_ v. _Lariew_, 208 Va. 382 (1967), that jury verdicts may be based solely on declarations and admissions relative to a question of fact made by a party to an action and that . . . "the weight to be attached to such an admission is within the province of the jury . . . ." (p. 385). Here, the defendant, immediately following the fire made the statement, "I set it (the tractor) on fire," or words to that effect. This was an admission which the jury was entitled to consider along with expert evidence that welders in this area should have fire extinguishers with them on such a job. As I recall the evidence, the defendant admitted his mistake in not having a fire extinguisher; however, I am only proceeding on memory since the transcript is not before me. In a civil case, eyewitness testimony is not always required to support a verdict and a verdict may

be based on reasonable inferences which the jury may draw from proven facts under all the facts and circumstances of the case. The proof need not be beyond a reasonable doubt but only by a preponderance of the evidence. Whether the defendant, an experienced welder, who was charging the plaintiff for his services, acted with reasonable care under the circumstances was a jury issue.

Counsel for the plaintiff will submit an order in accordance with this opinion entering judgment on the jury verdict.