Norman **BOYDEN**, Plaintiff,

·v.

James **TROKEN** et al., Defendants.

No. 72 C 1837.

United States District Court,
N. D. Illinois.

Oct. 11, 1973.

Richard L. Curry, Corp. Counsel for the City of Chicago, Chicago, Ill., for defendants.

Renee Hanover, Chicago, Ill., for plaintiff.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the defendants' motion to strike the interrogatories of the plaintiff.

This is a civil rights action seeking to redress an alleged deprivation of the plaintiff's civil rights guaranteed by the Civil Rights Act of 1870 and 1871, 42 U.S.C. §§ 1981, 1983, 1985 and 1986. Jurisdiction of this Court is allegedly based on 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 1988.

The plaintiff, Norman Boyden, is a United States citizen and a resident of Chicago, Illinois. The defendants are Chicago Police officers, James Troken, Joseph M. McMahon, H. Berge and various John Does whose names and identities are presently unknown.

On June 4, 1973 the plaintiff filed a set of interrogatories for defendants James Troken, Joseph M. McMahon, H. Berge and John Does. In response to the plaintiff's interrogatories the defendants James Troken, Joseph M. McMahon and H. Berge have filed a motion to strike the interrogatories as burdensome and oppressive.

It is the opinion of this Court that the plaintiff's set of interrogatories are improper and should be stricken.

The plaintiff has filed 209 interrogatories containing no less than 432 separate questions. A careful survey of these numerous interrogatories disclose that a majority of them are irrelevant, overbroad and improper; only a relatively small percentage of the interrogatories seem designed to serve any useful purpose material to the instant action. Much of what is apparently sought is information which is more readily and usually obtained through the use of oral depositions.

Whether plaintiff's method of procedure amounts to harassment, as defendants claim, or merely represents an optimistic attempt by plaintiff's counsel to have her adversary prepare her case for her in one convenient package need not be decided. In the interest of justice plaintiff should be required to discard this set of interrogatories and start over. Cummings v. Bell Telephone Company of Pennsylvania, 272 F.Supp. 9 (E.D.Pa.1967); Frost v. Williams, 46 F.R.D. 484 (D.Ma.1969); McKeon v. Highway Truck Drivers & Helpers, Local 107, 28 F.R.D. 592 (D.Del.1961).

Without in any way limiting the legitimate scope of plaintiff's discovery activities, it may be suggested that the relevant information which the plaintiff seems to be seeking can be obtained through either oral depositions or pursuant to Rules 26(b) and 33 of the Federal Rules of Civil Procedure carefully drawn interrogatories which seek answers which are material and relevant to the instant action.

Accordingly, it is hereby ordered that defendants' motion to strike the interrogatories is granted.