**CONTINENTAL INSURANCE COMPANY, Plaintiff,**

v.

**John McGRAW, Reza Yazdi, Elizabeth Haney, James Johnson, the Home State Bank, James Jeter, John Doe and Richard Roe, Defendants.**

**Civ. A. No. 85–K–2323.**

United States District Court, D. Colorado.

July 2, 1986.

Randolph W. Starr, Loveland, Colo., for Home State Bank.

James D. Evans, Aurora, Colo., for Reza Yazdi.

Paul L. Moberg, Mission, Kan., for James Johnson.

James Jeter, pro se.

Lynn G. Guissinger, Gregg I. Anderson, Holland & Hart, Denver, Colo., for John McGraw.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

In 1982, Ayoub Barghelame, doing business as Sports Car Sales, began selling motor vehicles in Denver, Colorado. In order to operate this business, Barghelame was required to procure a Bond of Motor Vehicle Dealers and Salesman under C.R.S. § 12–6–111 (1973). On November 12, 1982, a bond was issued by plaintiff Continental Insurance Company on behalf of Bargh-

elame to the State of Colorado in the amount of $15,000.00.

Continental has been informed of claims and potential claims against the bond arising from: 1) the alleged sale of motor vehicles by Sports Car Sales without delivery of title; 2) the failure of Sports Car Sales to repay financing for the purchase of additional inventory; 3) the failure of Sports Car Sales to pay for motor vehicles delivered to Sports Car Sales; 4) the failure of Sports Car Sales to protect or insure vehicles left at its place of business on consignment; 5) the failure of Sports Car Sales to tender cash due to buyers under agreements in which such buyers purchased automobiles from Sports Car Sales, and other alleged improprieties. Continental has admitted liability. It is able and willing to make immediate payment to the party or parties entitled to payment. Continental, however, could not make payment to any one of the various claims as alleged without being subjected to possible multiple liability. Consequently, Continental filed a complaint in interpleader, pursuant to 28 U.S.C. § 1335. It has deposited the amount of the bond with the court in order to have the claims adjudicated. It seeks release from further liability. The following defendants have made claims to the fund: John McGraw, Reza Yazdi, Elizabeth Haney, James Jeter, James Johnson, Home State Bank, John Doe, and Richard Roe.

In discovery relating to these claims, Home State Bank sent written interrogatories to the other defendants. Under Fed.R. Civ.P. 33(a), answers to these interrogatories were required by April 1, 1986. On April 7, 1986, Home State Bank received answers from Yazdi. Since Yazdi was unavailable at the time the answers were due, his associate, Daniel Gindhart, signed the answers in Yazdi's place. On April 14, 1986 a revised answer with Yazdi's signa-ture was sent. Jeter and Johnson have not submitted answers to the interrogatories. On April 14, 1986, Home State Bank notified these defendants by letter that it would file a motion to strike their claims.[1]

The motion to strike, brought pursuant to Rules 37(b)(2)(C) and 37(d), was filed on April 16, 1986. On April 17, 1986, I issued a minute order requiring defendants to respond to the motion on or before May 1, 1986. Yazdi responded on April 17, 1986. Jeter and Johnson failed to respond by that date and have not yet responded.

Home State Bank contends Yazdi's response was untimely and unsigned, in violation of Fed.R.Civ.P. 33(a). Further, Home State Bank argues Yazdi's response was inadequate and insufficient in that the instructions in the interrogatories were not followed. Regarding Jeter and Johnson, Home State Bank predicates its motion on their complete failure to respond. Accordingly, Home State Bank moves to have these defendants' claims stricken. For the reasons stated below, Home State Bank's motion is granted in part and denied in part.

I.

Fed.R.Civ.P. 33 governs written interrogatories. Under Rule 33(a), each interrogatory must be answered separately and fully in writing under oath. The answers are to be signed by the person making them. Either answers or objections must be served thirty days after proper service of interrogatories. Fed.R.Civ.P. 33(a). If a party serves no answers, immediate sanctions may be imposed under Fed.R.Civ.P. 37(d). *See* Fed.R.Civ.P. 33(a) advisory committee note. If, however, a party serves answers which are incomplete, evasive, or false, sanctions are inappropriate but the opposing party may proceed under Fed.R. Civ.P. 37(a).[2] *Id.*

---

1. Such procedure is mandated by Local Rule 403 which requires a party to make a reasonable effort to confer with opposing counsel concerning the matter before filing a motion under Fed.R.Civ.P. 37.

2. The advisory committee notes to Rule 33(a) explain that when a party serves answers which are not in compliance with the specifications of the rule, immediate sanctions are not available. Rather, the proponent must first seek an order to compel under Rule 37(a), and then, if the

## II.

■ Yazdi has served answers to Home State Bank's interrogatories. Yazdi, however, did not comply with Rule 33(a). In *McDougall v. Dunn*, 468 F.2d 468, 472 (4th Cir.1972), the court stated that it is no excuse that the party is unavailable. The rule requires answers given under oath and signed by the party. In *Cabales v. United States*, 51 F.R.D. 498, 499 (S.D.N.Y.1970), it was held that answers to interrogatories which were submitted late and unsigned by the party did not constitute an answer as required by the rule. Consequently, the interrogatories signed by Yazdi's associate rather than himself were in violation of the rule.

■ Home State Bank further alleges that the answers to the interrogatories were insufficient and inadequate. Yet Home State Bank has not shown how Yazdi's answers were insufficient and inadequate. The burden of proof lies with the proponent to prove answers are incomplete, inadequate, or false. *Daiflon, Inc. v. Allied Chemical Corp.*, 534 F.2d 221 (10th Cir.1976). Home State Bank has not met this burden.

■ Finally, Home State Bank requests Yazdi's answers be stricken because they were untimely. Untimely receipt of interrogatories violates Rule 33 and may result in dismissal. In *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 641, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976), for example, the action was dismissed because interrogatories were answered in an untimely fashion. In dismissing the action, the court found counsel had acted in bad faith and in callous disregard of its responsibilities because there were repeated requests and the filing of untimely motions. *Id.* On the other hand, in *Maurer-Neuer v. United Packinghouse Wkrs. of Am.*, 26 F.R.D. 139 (D. Kan.1960), the motion to dismiss the party's claim was denied. Although the party

filed untimely answers to the interrogatories, in violation of Rule 33, the court held the sanctions provided in Rule 37(b) should only apply after a motion compelling an answer under Rule 37(a) has been made. *Maurer-Neuer*, 26 F.R.D. 139, 140. In the instant case, I find that, although Yazdi submitted untimely answers, there was no bad faith or callous disregard of responsibility. *See, e.g., National Hockey League.* Since the exact date of mailing was not written in, defendant's attorney had to approximate the due date for the interrogatories. A good faith attempt to comply with Rule 33(a) was made. Further, since Home State Bank did not move to compel under Rule 37(a), the sanction to strike under Rule 37(b)[3] is inappropriate. *See, e.g., Maurer-Neuer, supra; see also* Fed.R. Civ.P. 33(a) advisory committee notes. Therefore, Home State Bank's motion to strike Yazdi's claim is denied.

## III.

■ Jeter and Johnson, on the other hand, failed completely to answer the interrogatories. Also, Jeter and Johnson have not responded to my order of April 17, 1986. Consequently, sanctions under Rule 37(d) are appropriate. Rule 37(d) provides, in pertinent part,

If a party ... fails ... (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, ... the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule ... Fed.R. Civ.P. 37(d).

Paragraphs (A), (B), and (C) of Rule 37(b)(2) provide an elaboration of the sanctions available. Home State Bank is seeking to have the court strike out "all or any part of any pleading," namely the claims of Jeter and Johnson, as allowed in paragraph (C).

order is disobeyed, he may appropriately seek sanctions under Rule 37(b)(2).

**3.** Rule 37(d) does not apply here, because answers were served. *See, e.g.,* Fed.R.Civ.P. 33(a) advisory committee notes.

Unlike Yazdi's situation, failure to respond to an interrogatory within the time period subjects a party to immediate sanctions as provided for in Rule 37(d), and no previous court order is necessary. Fed.R.Civ.P. 33(a) advisory committee note; *see also Robinson v. Transamerica Insurance Co.,* 368 F.2d 37, 39 (10th Cir.1966). Before 1970, the rule contained a requirement that the failure be "willful". Following the 1970 amendments, however, willfulness was no longer required. Even a negligent failure to serve answers comes within the province of Rule 37(d). Fed.R.Civ.P. 37(d) advisory committee notes. Willfulness, however, does play a role in the choice of sanctions. *Id.*

The policy behind applying the sanctions listed in Rule 37 is one of deterrence. "The most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League,* 427 U.S. 639, 644, 96 S.Ct. 2778, 2781. In addition to the policy incentive to apply sanctions where appropriate according to the power vested in the rule, a constitutional limitation exists. The power of the courts, with respect to Rule 37, must be "read in light of the provisions of the Fifth Amendment that no person shall be deprived of property without due process of law ..." *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers,* 357 U.S. 197, 209, 78 S.Ct. 1087, 1094–95, 2 L.Ed.2d 1255, 1265–66 (1958). A party's complaint or claim should not be dismissed or stricken due to noncompliance when it is established that failure to comply has been due to inability, and not to willfulness, bad faith or any fault of petitioner. *Rogers,* 357 U.S. 197, 212, 78 S.Ct. 1087, 1096.

Under Rule 33(a), Johnson and Jeter are subject to the immediate sanctions provided in Rule 37(d), since they failed to serve answers. Fed.R.Civ.Pro. 33(a) advisory committee notes. The sanctions are consti-

tutional where the defendants received the interrogatories, Home State Bank's letter notifying them of the motion to strike, and my order of April 17, 1986. Since there is no evidence of inability or lack of opportunity to defend their position, imposition of sanctions satisfies the rule and comports with due process.

As noted above, willfulness is no longer an element of Rule 37(d), but is taken into consideration with respect to the sanctions imposed. "[T]o be 'willful' the failure need not necessarily be accompanied by wrongful intent. It is sufficient if it is conscious or intentional, not accidental or involuntary." *Robinson,* 368 F.2d 37, 39. Since defendants violated the rule by failing to serve answers and have had notice and an opportunity to defend by filing a response to the motion, their lack of response is seen as willful. Accordingly, Jeter's and Johnson's claims to the fund are dismissed.

**IT IS THEREFORE ORDERED:**

1. Home State Bank's motion is denied in part and granted in part.

2. Jeter's and Johnson's claims to the impleaded fund are dismissed.